### IRA J. GOFF v. IGNATIUS BANKSTON, use, &c.

1. PRINCIPAL AND SURETY: CONDITION THAT SURETY SHALL NOT BE BOUND, UNLESS ANOTHER BECOME BOUND, GOOD.—An agreement between the obligee, or his agent, and a surety, made at the time of the sealing and delivery of the bond by the latter, that he is not to be bound thereby, unless the signature of another, as his co-surety, is procured, is a valid condition, the non-performance of which, will render the bond void, as to the surety. See 19 E. C. L. 466; 35 Ib. 64; 4 Watts, 21; 2 Leigh, 157; 3 Dev. 291.
2. CASE CITED AND EXPLAINED.—The case of *Graves* v. *Tucker*, 10 S. & M. 9, cited and explained, and declared not to be inconsistent with the doctrines of this case.

ERROR to the Circuit Court of Bolivar county. Hon. J. S. Yerger, judge.

This was an action by the defendant in error, against the plaintiff in error, on writing obligatory for the payment of money, being in form a promissory note under seal, payable to I. Bankston, treasurer of the school-fund of Bolivar county.

The defendant filed several pleas, and, among them, the following, which was mainly relied on :—

" That the writing sued on, is not his act and deed; because, he says, that he signed said writing, on the express condition that Peter Whitworth should sign it as co-surety; that the writing obligatory was to be presented to said Whitworth, for his signature, and, if said Whitworth failed or refused to sign the same, the name of this defendant was to be taken off of said note, and he was not to be bound thereby; and the defendant avers, that said note, or writing obligatory, was presented to said Whitworth for his signature, as co-surety, by the agent of plaintiff, in pursuance of said above-mentioned condition; and the said Whitworth wholly refused to sign the same, whereby this defendant was released and discharged," &c. This plea was sworn to.

Issue was taken on this plea, and the cause submitted to a jury, who found a verdict for the plaintiff. The defendant moved for a new trial, which was refused, and he tendered his bill of exceptions, and sued out this writ of error. On the trial, the plaintiff read in evidence the bond sued on, which was signed and sealed by William McGuire, and the defendant. Below the signature and seal of the defendant, there was another scroll, thus,—[SEAL].

The defendant then proved, by Isaac Hudson, that the bond in controversy was in the handwriting of William McGuire, except the signature of defendant, Goff, which was in his own handwriting; that he (witness) carried the school-fund from Judge McGuire's, and delivered it to Bankston (the plaintiff), on the day of the date of the bond; that in the evening of the same day, Bankston handed him the note, and requested him to get the signatures of Whitworth, and the defendant, Goff. The witness called on the defendant for his signature, " when the defendant remarked, that Whitworth was to sign the note (bond) with him, as co-surety; and, as it was not signed by Whitworth, the defendant asked witness, ' Would it be binding on him, if he signed it, and Whitworth would not ?' Witness answered, that he did not believe

it would. The defendant then signed the note (bond), and handed it to witness. Hudson afterwards called on Whitworth, who refused to sign the bond; and witness then delivered it to Bankston, without Whitworth's signature."

The witness further stated, that he acted as the agent of the plaintiff, Bankston, in calling on defendant and Whitworth, for their signatures.

The instructions necessary to be stated, are set out in the opinion of the court.

*F. Anderson,* for plaintiff in error.

The court below seems to have supposed, that the case of *Graves et al.* v. *Tucker,* 10 S. & M. 9, was a controlling authority against the defendant; but, on an examination of that case, it will be seen, that the point here presented is not touched, and that the principles announced by the court, amount to a recognition of the validity of the defence set up by plaintiff in error. *Graves et al.* v. *Tucker,* 10 S. & M. 9.

The first point presented in that case, arose on the plea of Barnes et al., that, when they signed the bond, John Middleton and Thomas Hogg had already signed it; " and they signed and sealed under the belief, the said Middleton and Hogg had executed it as their act and deed, but that said Middleton and Hogg had delivered it to Graves, the principal, to be binding on them, only on condition that Hemingway and Parker should execute it; that Hemingway and Parker did not execute it, whereby Middleton and Hogg were not bound; and therefore the defendants, Barnes and others, say that it is not their act and deed."

The substance of this plea is, that defendants executed, under the belief that others had executed; but there is no pretence that they delivered the bond, on condition that the others had properly executed, and no pretence that any false representations were made to them, by any one.

The plea was, as the court held it to be, a special *non est factum;* but, as it alleged no condition, and stated no facts, which amounted to fraud or misrepresentation, it was held bad, on demurrer. The court held, also, that, even if there had been fraud, as the plaintiff was not implicated, and neither its officers nor agents were shown

to have had any knowledge of such fraud, and as the defendants had placed it in the power of the principal obligor to practise the fraud, the plaintiff could not be affected by it. But it was distinctly admitted by the court, and the authorities it cited held, that if there had been fraud or misrepresentation, and the State or its officers had knowledge of it, or assented to it, the defendants would not have been bound.

It is clear, from the reasoning of the court, that had there been any condition known to or accepted by plaintiffs, on which the execution of the instrument was to be valid, the plea would have been sustained.

The second point in the case, arose on the defence set up by Middleton and Hogg, who plead that they delivered the bond to Graves, the principal obligor, as an escrow, to be binding on condition that Hemingway and Parker signed it, and that they did not sign it. On this plea, issue was taken, and the proof showed, that when Middleton signed the bond, Graves, the principal obligor, stated to him that Hemingway and Parker would execute it, and other persons; and Middleton replied, that if Hemingway and Parker would execute it, he would, and accordingly did. The jury on this proof found against Middleton, and the question was whether the verdict should be set aside.

The plea was, that the deed was delivered as an escrow. The court citing many authorities, proceeds to show a condition was essential to delivery as an escrow, and holds that the question whether it was delivered on condition or not, was a question for the jury; and that in this case, the verdict of the jury was in accordance with the evidence. Thus it will appear that the court did not decide the question now presented, and that the principles relied on by the court establish the defence in this case. The court cites also some of the authorities hereafter relied on, and recognizes them as maintaining correct principles.

The case of *Sharp* v. *The United States*, 4 Watts, 21, cited by this court, and recognized to be good authority, is expressly in point. An Act of Congress requiring certain bonds to be executed with two sureties, a bond was executed which complied with the act, except that it was only executed by the principal and one surety; but the bond, on its face, purported to be a joint and several

bond, intended to be executed by the principal and two sureties. It was held that the bond was not void, because not signed by two sureties; but the court held that, by reason of the recital in the bond, the defendant, at the time he signed it, had the right to believe that it was the intention of all the parties to obtain the other signature; and that, if this expectation was disappointed, either wilfully or negligently, he had cause to complain. His signature was conditional, and, unless it was shown that he had dispensed with the other signature, he was not bound. In that case there was no question about the actual delivery of the bond to the obligees. *Sharp* v. *United States*, 4 Watts, 21.

The same point is decided in *Leaf* v. *Gibbs*, 19 Eng. C. L. Rep. 475; also cited and apparently approved by this court. An agent of the plaintiff had told the defendant that his mother was to join in the note; the court said, the obtaining of her signature was a condition which, if not performed, justified the defendant in withdrawing. *Leaf* v. *Gibbs*, 19 Eng. C. L. R. 475.

*Stone* v. *Compton*, 35 Eng. C. L. R. 64, is also a case in point, and cited by this court. In that case there was a plea of fraud and covin, and also a special plea setting up the facts and the condition on which the note was given, viz., that £2600 were to be advanced to the principal, whereas only £1800 in money were advanced, and the balance was given in a note of the principal, previously due. In this case the court says, there is no pretence of an intentional fraud, yet the facts amount to fraud in law; a material fact being misrepresented; and the security was held void. *Stone* v. *Compton*, 35 Eng. C. L. R. 57.

See also the following authorities: *Jackson* v. *Catlin*, 2 Johnson 258; *Evans* v. *Gibbs*, 6 Humphries, 407; 3 Dev. 291; *Van Valkenburgh* v. *Rouk*, 12 Johns. 337; *Dorr* v. *Mousel*, 13 Johns. 430; *Dale* v. *Roosvelt*, 9 Cowen, 309; 8 Cowen, 290; 5 Cowen, 506; *Union Bank of Maryland* v. *Ridgley*, 1 Har. & Gill, 352–3.

These authorities are cited to show, that whatever renders the instrument void in its inception, whether for fraud in law or in fact, or because it depended on an express condition not performed, may be given in evidence under a general plea of *non est factum;* and that whatever facts may be thus given in evidence under that plea, may be set up, as in this case, by a special plea of *non est factum*,

stating the facts. Such was the case in *Stone* v. *Compton*, 35 Eng. C. L. R. 57.

See especially on this point 1 Har. & Gill, 364, 365, 416, 417. See also *Brewer* v. *Harris*, 2 S. & M. 84; *Ellis* v. *Martin*, Ib. 187.

No counsel appeared for defendant in error.

SMITH, C. J., delivered the opinion of the court.

This was a suit on a note under seal for seven hundred and fifty dollars, made by William McGuire, and Ira J. Goff the plaintiff in error, payable to the treasurer of the school-fund of Bolivar county.

The plaintiff in error was a surety on the note; and the defence principally relied on, was presented under a special plea, the material allegations of which are as follow: That the instrument sued on, was not the defendant's act and deed, because he signed it on the express condition that Peter Whitworth should sign it as a co-security. That the instrument was to be presented to Whitworth for his signature; and, if Whitworth failed, or refused to sign the same, defendant's name was to be taken off of said note, and he was not to be bound thereby. That the instrument was presented to said Whitworth, by the agent of the plaintiff, in pursuance of the condition, and that Whitworth refused to sign the same, whereby the defendant was released.

The note was given for money loaned out of the school-fund, by Bankston, the treasurer, to William McGuire, the principal in the note. And on the trial, it was proved by the only witness examined, that on the same day the note is dated, witness carried the school-fund from Judge McGuire, and delivered it to Bankston; that in the evening of that day, Bankston handed to witness the note, which, with the exception of the signature of the plaintiff in error, is in the handwriting of William McGuire, and requested him to get the signatures of Whitworth and the plaintiff in error. That he called on plaintiff in error, who remarked that Whitworth was to sign with him as co-security; and, as it was not signed by Whitworth, he asked witness if it would be binding on him if he signed it, and Whitworth would not. Witness replied, he did not believe it would. Plaintiff in error then signed, and handed the note to witness, who afterwards called on Whitworth for his signature, but

he refused, and witness afterwards delivered the note to Bankston, without Whitworth's signature; and that witness, in the transaction, acted as the agent of Bankston, and at his request.

Upon this evidence, the cause was submitted to the jury, under instructions, and they returned a verdict for the plaintiff. Whereupon, a motion was entered for a new trial, which was overruled, and a bill of exceptions filed.

Two errors are relied on for a reversal of the judgment.

First, it is insisted that there was error in the refusal of the court, to charge the jury as requested by the plaintiff in error, and in granting the instructions asked for the defendant in error.

Several instructions were requested in behalf of the former, all of which were refused; but it will only be necessary to notice the first; and the third charge given at the instance of the latter; as these two instructions fully present the question of law to be considered in reference to this part of the proceeding.

The first instruction, requested in behalf of the plaintiff in error, and refused as above stated, is in the following words: "If the jury believe, from the evidence, that the defendant signed the note sued on, as the security of William McGuire (the principal) to be binding on its being signed by Peter Whitworth, with the consent and agreement of the plaintiff (Bankston), or his agent, and it was not signed by Whitworth, they must find for the defendant."

And the third instruction given for the defendant in error, is in these words: "That if the bond sued on, was signed by the defendant, as surety of McGuire, on condition that it was to be signed by Whitworth as surety also, and was delivered by the defendant to the plaintiff Bankston, or to his agent, Hudson, the defendant is liable on the bond, although Whitworth may have refused to sign it. But if the bond was signed on the above condition, and delivered to Hudson, not as agent of Bankston, but to be held by him, and not to be delivered to Bankston until Whitworth had signed it as co-security with defendant, then defendant would not be liable on it until signed by Whitworth; and a delivery of the bond by Hudson to Bankston before it was signed by Whitworth, would not be sufficient to charge the defendant."

These instructions, taken in connection, in effect, recognize the principle, and lay it down as the rule of law applicable to the case

before the jury, that a bond executed and delivered to the obligee, or to his agent, upon an express understanding and agreement between the parties, that it should not take effect or be binding on the obligor, but on a condition to be performed by the obligee or his agent, is a valid instrument, on which the obligee would be entitled to recover, although he had failed to comply with the condition.

It is manifest, that the court, in refusing the first, and in giving the second of these instructions, acted upon the supposition that the issue presented by the pleadings was, whether the bond was delivered by the defendant as an *escrow* or not. This was a clear misapprehension of the state of the question. The plea was not good as a plea of an *escrow;* nor was it tendered as such. At best, it amounts only to a special plea of *non est factum*, depending for its efficacy upon the alleged facts, which, if the obligor attempted to enforce payment of the bond, would be an act of fraud on his part.

The question here, is not whether the instructions laid down a principle which is correct as an abstract rule of law, but whether they were not inapplicable to the proofs admitted under the issue between the parties, and were not calculated to mislead the jury.

That such was the case, no doubt can be entertained. The question before the jury was not whether the bond was delivered to a stranger, to be retained in his possession until it was executed by Whitworth, as a co-surety of the defendant, and not to be delivered to the plaintiff until that was done, but whether the bond was signed by the defendant, as a surety of McGuire, under an express understanding and agreement with the plaintiff or his agent, that it was not to take effect as to him, unless it should be signed by Whitworth also, as his co-security. The instructions necessarily precluded all investigation into these facts; and limited the consideration of the jury to the simple question, whether the bond was delivered as an *escrow* or not.

The next error insisted on, is the refusal of the court to set aside the verdict and award a new trial.

According to the evidence before them, the jury might have been justified in finding for the defendant. It is at least very certain, that the verdict rendered is not according to that evidence, so manifestly correct as to exclude all doubt as to its propriety. It is,

Goff v. Bankston.

therefore, our duty to reverse the judgment, for the error in the instructions, provided the facts alleged in the plea form a good defence to the action.

These facts are, that the bond was signed by the defendant on the express condition that Whitworth should also sign it as a co-security; that the bond was to be presented to Whitworth for his signature, and if he refused to sign, the defendant was not to be held liable on the bond; and that Whitworth, on a presentation of the bond to him for his signature, by the agent of the obligor, refused to sign it.

The condition on which the bond was to take effect, as to the defendant, was without doubt a valid one; and whether or not, the non-performance of it by the obligee, rendered the bond void from its inception, it is clear upon reason and authority, that the defendant, unless he waived the performance of the condition, could not be made liable upon it. Under the facts stated, an attempt to enforce payment from the defendant, would be a manifest violation of good faith. It would be a fraudulent attempt to enforce a void instrument against the surety of a debtor. *Leaf* v. *Gibbs*, 19 Eng. C. L. R. 475; *Stone* v. *Compton*, 35 Ib. 64; *Sharp* v. *United States*, 4 Watts, 21; *King* v. *Smith et al.* 2 Leigh, 157; *Fitts* v. *Green*, 3 Dev. 291.

It is suggested that the opinion here expressed of the validity of the defence set up in this case, is in conflict with the decision in *Graves et al.* v. *Tucker*, 10 S. & M. But there is very little analogy between the facts and questions in that case, and the case before us. There is certainly no conflict between any opinion here expressed, and the principles recognized in *Graves* v. *Tucker*. On the contrary, the reasoning employed and the principles recognized in that, amount to an indirect recognition of the validity of the defence here set up.

Judgment reversed, and cause remanded.