ELASTIC TIP COMPANY *vs.* JOHN R. GRAHAM.

Suffolk.   January 9, 1899. — November 27, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Construction of Agreement — Offer — Acceptance.*

An instrument prepared in the form of an offer by creditors of a corporation, each for himself, to B., who signs a statement at the end that "I authorize the above offer and agree to carry the same out if secured within the time named," may warrant the construction given to it by A., a creditor who signs it, in an action against B. upon the instrument, alleging that the defendant offered to buy of the plaintiff, for a price stated, a debt which was owed to the plaintiff by the corporation, upon condition that the offer was accepted within a specified time, and that the plaintiff accepted the offer within the time, and referring to the writing as containing the offer and acceptance.

CONTRACT, upon a written agreement alleged to have been made by the defendant with the plaintiff.   After the former decision, reported 171 Mass. 352, (*Newton Rubber Works* v. *Graham,*) the declaration was amended by the addition of new counts.   The defendant demurred to the amended declaration, assigning various grounds of demurrer.   In the Superior Court the demurrer was sustained, and judgment entered for the defendant; and the plaintiff appealed to this court.   The facts appear in the opinion.

The case was argued at the bar in January, 1899, and afterwards was submitted on briefs to all the justices.

*R. F. Herrick & A. M. Lyon,* for the plaintiff.

*Z. S. Arnold,* for the defendant.

HOLMES, C. J.   This case has been before the court upon demurrer to a count upon the written agreement.   *Newton Rubber Works* v. *Graham,* 171 Mass. 352.   It now comes here upon demurrer to two counts which have been added.   These counts allege that the defendant offered to buy of the plaintiff, for a price stated, a debt which was owed to it by the Quincy Cycle Company, upon condition that the offer was accepted within thirty days, and that the plaintiff accepted the offer within the time.   The counts refer to the writing as containing the offer

and acceptance. As the case now stands, the only important question is whether the writing is capable of meaning what the plaintiff says it does. For unless we can say that no circumstances which conceivably might be proved would warrant the construction which the plaintiff alleges to be the true one, we must take that construction to be correct. In the opinion of a majority of the court it is not impossible that circumstances should warrant that construction.

The document is prepared in the form of an offer by creditors of the Quincy Cycle Company, each for himself, to the defendant. But it would be competent to prove that the instrument was drawn by the defendant, or at least that the words, " I authorize the above offer and agree to carry the same out if secured within the time named," were written and signed by the defendant before any creditor had signed or even seen the paper. If so, the document in its first stage was an offer by the defendant, and the signature by the plaintiff was an acceptance, although the words put into its mouth are words of offer. The supposed state of facts would explain the words, " I authorize the above offer," and would at least lay a foundation for a finding that the words, " if secured within the time named," mean, " if the same is secured," etc. ; that is, " if the offer is secured," or, in other words, turned into an agreement by acceptance. Perhaps it is not necessary to stick so closely to grammar as this interpretation does. In one way or another the phrase seems to us easily read as an elliptical proviso that the defendant secures a right to the transfer of the debt.

*Demurrer overruled.*