A. H. SCHOWALTER AND MARTIN GERBER v. DR. JACOB
BEARD.

(Filed Sept. 5, 1900.)

JOINDER OF PARTIES. When all the parties who enter into a promise
receive some benefit from the consideration, whether past or pres-
ent, the promise is presumed to be joint and several, and one
or more may be sued thereon, with or without uniting all in the
same suit.

(Syllabus by the Court.)

*Appeal from the District Court of Kingfisher County; before
John C. Tarsney, District Judge.*

*W. W. Noffsinger* and *L. M. Lane,* for plaintiffs in error.

*F. P. Whistler* and *Bradley & Bradley,* for defendant in
error.

### STATEMENT OF THE CASE.

This was an action begun in the district court of King-
fisher county, by Jacob Beard, plaintiff, against A. H.
Schowalter, and Martin Gerber, defendants. The
amended petition upon which the case was tried states:
That in April, 1893, the defendants, Schowalter and Ger-
ber, and one Dave L. Hendrix, were the owners and in
possession of lot 18, block 75, Kingfisher City; that the
legal title to the same was in said Hendrix; that the
plaintiff Beard was the owner of lot 17, immediately
south; that in April, 1893, the said Schowalter, Hendrix
and Gerber, entered into a contract with plaintiff Beard,
in words and figures as follows, to-wit:

"Know all men by these presents, that we, Hendrix and
Gerber, and A. H. Schowalter, of the city of Kingfisher,

Kingfisher county, Oklahoma Territory, are held and firmly bound unto Dr. Jacob Beard, in the sum of five hundred dollars good and lawful money of the United States, for the payment of which we bind ourselves, our heirs, executors, administrators and assigns.

"HENDRIX and GERBER,
"By MARTIN GERBER,
"A. H. SCHOWALTER.

"The conditions of the foregoing obligation are as follow, viz: Whereas, the said Dr. Jacob Beard, has agreed to erect upon lots 16 and 17 in block 75 in North Kingfisher, O. T., a three story brick building not less than 50 by 60 feet in size, with the north wall extending one half upon lot 16 of said block 75, now, therefore, if the said Dr. Jacob Beard, shall erect said building as above described within 90 days from April 1, 1893, we, the said Hendrix and Gerber, and A. H. Schowalter, agree to purchase of said Beard one half interest in said north wall at the actual cost price thereof, as far up as the top of the second story of said building, and pay for the same in cash as soon as the said Dr. Jacob Beard shall have the same completed and present us a good and sufficient deed for one half interest in said wall as aforesaid, and if the said Dr. Jacob Beard shall fail to erect said building as aforesaid, then the obligation to be null and void, otherwise to remain in full force and effect."

"HENDRIX and GERBER,
"By MARTIN GERBER,
"A. H. SCHOWALTER."

The above contract was acknowledged by Gerber and Schowalter, before a notary public, and thereafter said contract was extended by endorsement written thereon in words and figures as follows, to-wit: .

"Kingfisher, O. T., April 5, 1893.

"We hereby agree that the time for the erection of the building by Dr. Jacob Beard as described in the written contract and bond be extended 40 days or up to Au-

gust 10, 1893, and that said extension of time shall not annul our obligation as within set forth, such obligation being of mutual concern.                     A. H. SCHOWALTER.

"(SEAL)

"Attest, N. CAMPBELL.

That plaintiff erected said building in compliance with the term of said agreement, and within 90 days from the 1st day of April, 1893, and tendered a deed to said Schowalter for one half of said wall, and concludes with a prayer for damages, and general relief. To this petition the defendants filed a general denial, and the statute of limitations. The case was called for trial November 18, 1893, and before any evidence was introduced, defendants objected to the taking of any testimony, for the reason that the petition did not state facts sufficient to constitute a cause of action, and for the further reason that the bond sued on is a joint obligation, and all the obligors are not made parties defendant, which objection was overruled by the court, to which the defendants excepted. At the close of plaintiff's testimony the defendants filed a demurrer to the evidence, which was overruled by the court, to which the defendants excepted. The court rendered judgment for plaintiff and against defendants for $416.81, to which the defendants excepted. Defendants filed a motion for a new trial, which was overruled by the court, to which the defendants excepted, and bring the case here for review.

Opinion of the court by

IRWIN, J.: It is first contended by plaintiffs in error that defendant in error, who was plaintiff in the court below, is not suing to enforce a contract to purchase a one half interest in the brick wall, but is suing for a penalty provided in the bond, and this being true, he

must allege and prove special damages, by reason of the breach of the contract, and cite authorities to sustain this petition. But we think the trouble with the position of plaintiffs in error is they mistake the petition. We think it is plainly a petition seeking to recover under the contract for one half the actual expenses of building the wall, and as such it would be only necessary to allege and prove the completion of the wall, the actual cost of the same, and the tender of the deed.

Another defense urged is that the obligation is joint, and that all the obligors should be made parties defendant. We think sec. 851, page 219 Oklahoma Statutes of 1893, settles this proposition, as all the obligors on this agreement were parties who received some benefit, and the statute above cited makes all such contracts, presumably, joint and several, and the proof shows that all these defendants were owners of, or parties interested in lot 18, on which the wall was partly to be erected. Another defense urged is that the partition wall was more than half on lot 18, and, consequently, was not built strictly in acordance with the contract. But it is alleged that this was done by and with the consent of the defendants, and some evidence was introduced to sustain this claim; and it seems to us, to make this defense available, the defendants should have alleged and proved that they were damaged in some way by this departure from the contract. This question was before the court, and we think the evidence tends to sustain his findings in this particular, and this being true, his rulings will not be disturbed.

We have examined the record, and failing to find any error of the trial court, and believing that substantial

justice has been done, the decision of the district court is affirmed.

All of the Justices concurring.