ELASTIC TIP COMPANY *vs.* JOHN R. GRAHAM.
BOSTON WOVEN HOSE AND RUBBER COMPANY *vs.* SAME.

Suffolk.     March 4, 1904. — May 19, 1904.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Contract,* What constitutes.     *Evidence,* Extrinsic affecting writings.     *Attorney.*

In an action by two creditors of an insolvent corporation for an alleged breach of an agreement in writing to purchase the plaintiffs' claims against the corporation, if it appears that the defendant signed an offer in writing to purchase the claims if secured within thirty days and that the plaintiffs accepted the offer by signing it within the specified time, the defendant may show by oral evidence that he handed the writing signed by him to the attorney for the plaintiffs upon the condition that it was not to take effect and he was not to carry it out unless a sufficient number of creditors signed to enable him to control the proceedings in insolvency and get possession of the assets, and further can show that the plaintiffs' attorney told the defendant " that such necessary proportion would be three fourths of the amount," so that the words used by the defendant might be found to mean that the paper was not to take effect as an offer unless three fourths in amount of the creditors signified their assent.

In an action by two creditors of an insolvent corporation for an alleged breach of an agreement in writing to purchase the plaintiffs' claims against the corporation, if it appears, that the defendant signed an offer in writing to purchase the claims if secured within thirty days and that the defendant handed the writing signed by him to the attorney for the plaintiffs upon the condition that it was not to take effect unless assented to by three fourths in amount of the creditors, and thereupon the defendant agreed to pay the attorney for the plaintiffs for his services in endeavoring to procure signatures of creditors other than his two clients, this special employment does not affect the relation between the plaintiffs and their attorney, nor make the condition as to the assent of three fourths in amount of the creditors imposed by the defendant any less binding on the plaintiffs because it was not made known to them by their attorney authorized to act in their behalf.

TWO ACTIONS OF CONTRACT for an alleged breach of a contract in writing.     Writs dated March 12, 1897.

The first of these cases was before the court at a previous stage as reported in 174 Mass. 507, the same contract having been before the court in *Newton Rubber Works* v. *Graham,* reported in 171 Mass. 352.

In the Superior Court the two cases were tried together before *Sheldon,* J.   The contract declared on was as follows:

" We, the undersigned, covenanting that we are creditors of the Quincy Cycle Company in the amounts set against our respective names, do hereby, each for himself, in consideration of one dollar and other good and valuable considerations to us, and each of us, paid by John R. Graham, of Quincy, Mass., the receipt whereof is hereby acknowledged, agree that at any time within thirty days from the date hereof, upon the tender to us by said John R. Graham, or by any one acting in his behalf, of the sum of fifty (50) per cent of the face value of our respective claims payable in notes of said Graham, said notes to be made payable as follows : 16 2/3 per cent in two (2) months, 16 2/3 per cent in three (3) months, and 16 2/3 per cent in four (4) months, without interest, or forty (40) per cent in cash, as each designates, we will assign, transfer, and set over to said Graham, or such person as he may request, our said respective claims against said Quincy Cycle Company, and all benefit, advantage, or rights pertaining to our said claims.   All claims under fifty dollars ($50) purchased under this option are to receive fifty per cent in cash ; said assignment of our claims to be in the ordinary form and contain a power of attorney to enforce and collect the same, and to bring actions or proceedings on the same in our respective names, or in the name, but at the expense, of the assignee.

" Witness our hands, adopting a common seal, this sixth day of July, 1896.

                    ,                    " Boston, July 6, 1896.

" I authorize the above offer and agree to carry the same out if secured within the time named.

          " John R. Graham.
          " The Elastic Tip Company.
          " The Boston Woven Hose and Rubber Company."

The other material facts sufficiently appear in the opinion. The plaintiffs requested the judge to rule and instruct the jury as follows :

" First. There is no evidence tending to show that the agreement was delivered by the defendant upon any condition other than that it was to be accepted within thirty days from the date thereof.

" Second. There is no evidence that the agreement was delivered to the plaintiffs with the understanding that it was not to be binding until the offer made was accepted by a certain number of the creditors of the Quincy Cycle Company.

" Third. If the agreement was first signed by the defendant it became a valid contract as soon as signed by the plaintiffs and delivered to the attorney who was acting for the defendant in securing the signatures of the creditors of the Quincy Cycle Company, and at any time after the plaintiffs had signed the agreement, and within thirty days from the date thereof, the defendant had a right to demand from the plaintiffs an assignment of their claims against the Quincy Cycle Company upon tender to the plaintiffs of the notes set forth in the agreement.

" Fourth. It is not open to the defendant to say as a matter of defence that the instrument was entered into upon the express condition that it should not be effective until the defendant should have secured the signatures of other creditors of the Quincy Cycle Company sufficient in number to control proceedings and composition in the insolvency of the Quincy Cycle Company.

" Fifth. On all the evidence the verdict should be for the plaintiffs."

The judge refused to make any of the rulings requested. In each case he submitted to the jury the following question : " Did the defendant execute and deliver as a binding agreement the agreement declared upon ? " The jury answered " No." The jury found for the defendant ; and the plaintiff in each case alleged exceptions.

*C. H. Sprague,* for the plaintiffs.

*Z. S. Arnold & W. G. A. Pattee,* for the defendant.

LORING, J. The plaintiffs' first contention is that the words " I authorize the above offer and agree to carry the same out if secured within the time named," converted what was otherwise a written offer by the plaintiffs to the defendant into a written offer by the defendant to the plaintiffs, as explained in *Elastic*

*Tip Co.* v. *Graham*, 174 Mass. 507; that this written offer was accepted by the plaintiffs, that the writing signed by both thereby became a binding agreement, and that it is not open to the defendant to add by parol a new term to that agreement, as he now seeks to do, by showing that when these words were added to the writing and his signature was attached and the paper was handed to Mr. Herrick, the attorney for the plaintiffs, the defendant " stated that it was not to take effect and he was not to carry it out unless a sufficient amount of creditors signed to enable him to control the proceedings in insolvency and composition in the Insolvency Court, and get possession of the assets."

With regard to the substance of the thing stipulated for by the defendant when he handed the paper to Mr. Herrick, it is something which was capable of being made effectual in either one of two ways, namely : It could have been added to the offer as an additional term thereof, or the defendant could have made the delivery of the paper in which the offer is stated conditional on the requisite number of creditors coming into the arrangement. In the second case, the defendant in legal effect said to Mr. Herrick when the paper was handed to him : I intrust this paper to you, not as an offer on my part but as a paper which is to become an offer on my part when a specified number of creditors signify their intention of making me the offer stated in the body of the instrument, that is to say, of accepting my offer. Had the paper been sent by the defendant to the plaintiffs directly, enclosed in a letter written by the defendant, there would have been no opportunity for the mistake which has happened. But it was delivered to Mr. Herrick, and apparently through a misunderstanding this condition did not come to the knowledge of the plaintiffs.

We are of opinion that the judge was right in instructing the jury that such a condition in delivery could be shown by parol.

It is settled that a completed instrument may be shown by parol to have been delivered on a condition which has not been performed. *Faunce* v. *State Assur. Co.* 101 Mass. 279. *Watkins* v. *Bowers*, 119 Mass. 383. *Davis* v. *Jones*, 17 C. B. 625. *Bell* v. *Ingestre*, 12 Q. B. 317. *Pym* v. *Campbell*, 6 El. & Bl. 370. *Wallis* v. *Littell*, 11 C. B. (N. S.) 369. *Juilliard* v. *Chaffee*, 92

N. Y. 529, 535. *Benton* v. *Martin*, 52 N. Y. 570. *Sweet* v. *Stevens*, 7 R. I. 375. *Goddard* v. *Cutts*, 11 Maine, 440. *Coffman* v. *Coffman*, 79 Va. 504. *Westman* v. *Krumweide*, 30 Minn. 313. It is also settled that a defendant can show by parol that his signature to what purports to be a perfected agreement was to take effect on its being signed by others, and that they have not signed. *Butler* v. *Smith*, 35 Miss. 457. *Goff* v. *Bankston*, 35 Miss. 518. *Jordan* v. *Loftin*, 13 Ala. 547. In our opinion the case at bar comes within those decisions.

The plaintiffs' second contention is that the stipulation was meaningless and void because by reason of the provisions of Pub. Sts. c. 157, §§ 40, 41, a unanimous election did not insure the appointment of an assignee, composition proceedings did not apply to insolvent corporations, St. 1884, c. 236, § 15, and the oath required for proof of claims would have prevented the defendant from proving claims acquired by him under this agreement. Pub. Sts. c. 157, § 29. We assume that all this is so, but it appears that at a previous meeting when the defendant made a similar statement as to the condition on which he was willing to agree to buy these claims, the plaintiffs' attorney had told the defendant " that such necessary proportion would be three fourths of the amount." What the words used by the defendant under these circumstances meant or might be found to mean was that the paper was not to take effect as an offer until " three fourths in amount " of the creditors had signified their assent.

Finally, the plaintiffs contend that Mr. Herrick did not assume to act for the plaintiffs and that he acted solely for the defendant, and that as the plaintiffs testified that they did not know of the condition they are not bound by it. The correctness of this conclusion is not in question here. The judge instructed the jury that Mr. Herrick was acting for the plaintiffs, and we are of opinion that he was right. Mr. Herrick had been retained by the plaintiffs, and on the suggestion being made that the defendant might buy up the claims of the creditors generally at the same interview " the defendant agreed to pay Mr. Herrick for his services in endeavoring to procure signatures of creditors, other than his two clients the plaintiff corporations." Under that arrangement, so far as the plaintiffs were concerned, he continued to act for them.

*Exceptions overruled.*