## RUTHERFORD v. HOLBERT.

No. 3510.   Opinion Filed August 25, 1914.

(142 Pac. 1099.)

1.  **APPEAL AND ERROR—Review—Briefs.** Where plaintiff in error has, in compliance with the rules of the court, served and filed his brief, but the defendant in error has neither filed nor offered excuse for failure to file brief, the court is not required to search the record to find a theory upon which the judgment may be sustained, and may reverse the case in accordance with the prayer of the plaintiff in error if the brief filed appears to reasonably sustain such action.

2.  **CONTRACTS—Joint Contract—Separate Liability—Presumption.** Where a joint obligation of several obligors to pay plaintiff a specified sum of money also shows that as between such obligors each is a principal debtor for a specified portion of the whole sum and is surety as to all the remaining portion thereof, each such obligor may be separately sued for such portion as he owes as such principal debtor.

3.  **SAME.** Under section 877, St. Okla. 1890 (section 969, Rev. Laws 1910), "where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

4.  **EVIDENCE—Parol—Written Contract.** Where a written obligation to pay a specified sum of money recites that same is null and void if full amount is not "subscribed," and after defendant, who is the second subscriber, has signed and set opposite his name thereto the amount of his subscription, eight other persons sign same and each sets opposite his name the amount of his subscription, so that the ten several sums subscribed amount to said specified sum, such expression in writing of such condition precedent to the finality of the execution and delivery of such writing does not exclude oral proof of other conditions precedent, not wholly repugnant thereto, upon which defendant signed and delivered such writing.

5.  **SAME.** A written contract does not come into existence as such until its utterance is final and complete; and parol evidence to establish or refute such utterance, as by showing it was delivered upon a condition precedent, is admissible.

6.  **CONTRACTS—Delivery—Instructions.** Where the pleadings and the evidence present an issue of fact in respect to whether a writing was delivered upon a condition precedent to its effectiveness, it is error for the court to so instruct the jury as to take such issue from them.

7.  **TRIAL—Instructions—Withdrawal of Issues.** Instructions to the jury, to the effect that their verdict should be for the plaintiff, unless defendant was induced by fraud or trickery to sign the writing sued on, or unless he signed the same thinking he was signing a blank paper and when he could not, by reasonable dili-

gence, have ascertained that he was signing more, take from the jury their right to determine, under the issues in the present case, whether such writing was completely executed and finally delivered.

(Syllabus by Thacker, C.)

*Error from County Court, Johnston County;*
*Nick Wolfe, Judge.*

Action by A. B. Holbert, on written instrument for purchase price of stallion, against C. N. Rutherford. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Stephen C. Treadwell,* for plaintiff in error.

*W. F. Bowman* and *Newman & Lawrence,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant and defendant in error as plaintiff, in accord with their respective titles in the trial court.

On July 15, 1911, plaintiff obtained a verdict and judgment against the defendant for $300, with interest thereon at 6 per cent. per annum from May 17, 1910, in an action upon an instrument in writing, which reads as follows:

"Tishomingo, Okla. May 17, 1910. Seeing it necessary to improve the breed of our horses, we, the undersigned subscribers, hereby purchase and agree to pay the sum of $3,000.00 to A. B. Holbert for the English Hackney Stallion Ryedale Evolution. Payments to be made to A. B. Holbert by cash or joint note, drawing eight per cent. interest from date, payable as follows $1,000.00 one year. $1,000.00 two years. $1,000.00 three years.

"If full amount is not subscribed, this is null and void."

| | | |
|---|---|---|
| A. B. Holbert | | |
| M. J. Jester | $ 300 | 00 |
| C. N. Rutherford | 300 | 00 |
| Z. T. Burton | 300 | 00 |
| H. E. Fagan | 450 | 00 |
| J. A. Ray, Sr. | 450 | 00 |
| O. J. Davis | 300 | 00 |
| J. H. Duncan | 450 | 00 |
| R. C. Johnson | 300 | 00 |
| C. D. Bynum | 150 | 00 |
| | $3,000 | 00 |

The petition alleged compliance with the foregoing on the part of plaintiff, and that defendant "without any cause refused to execute a joint note, and refused to pay the same." The over-ruling of defendant's demurrer to the petition is assigned as error; and this presents the question as to whether said instrument is a joint obligation requiring that the action must be brought against all the living joint obligors within the jurisdiction of the court. As between plaintiff and the purchasers of the stallion the instrument appears to be a joint obligation so as to bind all the obligors for said $3,000. All the obligors join in a promise to pay him the whole amount to be paid. *Davis et al. v. Shafer et al.* (C. C.) 50 Fed. 764; *Davis & Rankin Bldg. & Mfg. Co. v. Knoke*, 55 Minn. 368, 57 N. W. 62; *Field v. Runk*, 22 N. J. Law, 525.

However, the last sentence of the instrument and the figures set opposite the names of the obligors characterize the instrument as a species of subscription contract, when completely executed and delivered, in which as between the obligors, each should pay the amount set opposite his name as the amount of his individual subscription, so that as between them each is a principal debtor for such amount and a mere surety for his co-obligors in respect to the other portion of the joint indebtedness. It thus appears that while the obligation to plaintiff is a joint one, the instrument discloses a somewhat qualifying state of facts and a special and equitable reason for permitting plaintiff, at his election, to treat it as several as against each obligor to the extent of his individual subscription, that is, it shows that he is a principal debtor as between the joint obligors, and that his co-obligors are his sureties to that extent, and this action deprives him of no right, and the plaintiff only demands of him an amount he is ultimately and in all events bound to pay.

A joint contract will be treated in equity as joint and several where there is a special and equitable reason for so treating it (9 Cyc. 654, and cases cited in notes); and, where a joint contract shows upon its face that as between the obligors one is ultimately bound as principal for a specified amount and ought to contribute that amount as his share of the indebtedness, he

cannot be heard to complain if he is sued alone for only that amount. (*Id.*, and, among the others, *Pickersgill v. Lahens*, 15 Wall. 140, 21 L. Ed. 119.)

The conclusion we have reached as to the several liability of each of the subscribers seems also to be in accord with and required by section 877, St. Okla. 1890 (section 969, Rev. Laws 1910), which reads as follows:

"Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."

See *Schowalter & Gerber v. Beard*, 10 Okla. 454, 63 Pac 687.

It thus appears that there was no error in overruling the demurrer to the petition.

The defendant answered by general denial and further by alleging in effect: (1) That plaintiff did not deliver the stallion; (2) that, although defendant may have written his name where it appears on said instrument, he did not sign said instrument, nor any contract, but wrote his name upon what plaintiff represented and what appeared to him to be a blank sheet of paper, on a tablet, presented to him by plaintiff (while the words of said instrument, if then upon the same, were unknown to him, and were by trick and fraud in some way concealed from his view) for the sole purpose of furnishing plaintiff a memorandum of his name and the amount he was willing to subscribe in the event plaintiff should procure other satisfactory and additional subscribers to join him in the purchase of said stallion, and so that the plaintiff might be aided by his name in procuring such additional subscribers, and (3) that if defendant signed said instrument, he did not deliver it, except upon the condition precedent that the plaintiff should procure in all ten financially responsible and otherwise, to him and each to all the others, satisfactory subscribers, who would keep the stallion at Tishomingo; but that the plaintiff failed to procure the requisite satisfactory additional subscribers, and the contract was never consummated, nor any writing thereof unconditionally delivered. Although the answer is somewhat vague and uncertain in this respect, we think

it appears therefrom that it is intended to allege a conditional, if any, delivery in substance and effect as stated.

The answer does not deny that the requisite number of subscribers were secured and the requisite amount subscribed (although evidence was introduced for the purpose of doing this and an instruction was requested and refused embodying a question in this regard); and the only particular in which the subscribers who were procured after defendant signed were unsatisfactory is indicated in the foregoing statement in respect to the contents of the answer. The answer, unaided by the petition, would not show when defendant signed said instrument in relation to his cosubscribers; but it may be inferred from the copy of said instrument attached to the petition that he was the second of said obligors to sign the same, so that the eight whose names and subscribed amounts follow his were not parties to the instrument at the time he signed same.

The instrument sued on imports that there was a delivery of the stallion, so that the burden was upon defendant to show that there was no delivery, and the evidence was not an issue for the jury; but there was evidence adduced by defendant tending to support each of the other propositions asserted in the answer, and the defendant was entitled to have the jury determine the issues thus presented by both the pleadings and the evidence.

The court in effect instructed the jury: (1) That if they found that defendant was induced by fraud or trickery to sign the contract, if they found that he did sign it, their verdict should be for him, otherwise it should be for the plaintiff; (2) * * * (3) that if defendant signed the contract "he is bound by it, and he cannot escape liability, although he did not read it, and although he thought he was signing a blank paper, if it appears that by the use of reasonable diligence he could have ascertained what the contract was that he was signing, as the law requires every man who can read and write and is in possession of his faculties to use ordinary and accessible means of informing himself of the contents of any instrument that he signs." These instructions eliminate from the issues triable to the jury the ques-

tion as to whether the contract was completely executed and unconditionally delivered, and are erroneous at least in this respect.

The last sentence of the contract ("if full amount is not subscribed this is null and void") stated a condition precedent (and not a condition subsequent) to the complete execution and final delivery of the instrument sued on as the contract of the parties thereto, and we have thought it a serious question if such an expression in the writing itself does not exclude all other conditions precedent to its finality; but, although we deem it unnecessary to determine whether this expressed condition precedent would exclude others wholly repugnant thereto, we think it does not exclude the condition that the plaintiff should procure financially responsible and otherwise satisfactory subscribers who would keep the stallion at Tishomingo, nor any other condition precedent not wholly repugnant to that expressed in the writing. *Ware v. Allen et al.,* 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563; *Golden v. Meier,* 129 Wis. 14, 107 N. W. 27, 116 Am. St. Rep. 935; *Elastic Tip Co. v. Graham,* 174 Mass. 507, 55 N. E. 315; *Boston Woven Hose & Rubber Co. v. Same,* 185 Mass. 597, 71 N. E. 117; *Wilson v. Powers et al.,* 131 Mass. 539; *Reynolds v. Robinson,* 110 N. Y. 654, 18 N. E. 127.

In 4 Wigmore on Evidence, secs. 2408-2410, and 3 Jones' Commentaries on Evidence, sec. 471, will be found a thorough elucidation of the principle upon which parol evidence is admitted to show that a written instrument was never executed and delivered in a way to bind the parties by its terms.

In 4 Wigmore, sec. 2408, *supra,* it is said:

"A legal act does not come into existence as such until its utterance is final and complete. All transactions require an appreciable lapse of time for their fulfillment; most important transactions in writing are consummated only after successive inchoate acts of preparation, drafting, and revision. Moreover, the written terms may be prepared with the precision which leaves nothing to alter (as it turns out), and still may be for a while retained for reflection or submitted for suggestion, without as yet any final adoption. Until some finality of utterance takes place, there is no legal act. Whenever, therefore, certain

conduct or writing is put forward against a party as his purported act, no principle prevents him from showing that there never was a consummation of the act."

The plaintiff in error, in compliance with the rules of the court, served and filed his brief, but the defendant in error has neither filed nor offered excuse for failure to file brief; and in such case the court is not required to search the record to find a theory upon which the judgment may be sustained, but may reverse the case in accordance with the prayer of the plaintiff in error if the brief filed appears reasonably to sustain such action.

For the reasons stated, this case should be reversed and remanded for another trial.

By the Court: It is so ordered.