John H. Sherry, as Attorney, Respondent, *v.* Helen M. Marsh, Appellant.

First Department, February 3, 1939.

*Allen Caruthers*, for the appellant.

*E. Joseph Picarello*, for the respondent.

Glennon, J.   This action was instituted to recover on a note made by the defendant to plaintiff as attorney.   The note was given in payment of a hotel bill of a third party.   Three defenses were set up by defendant: (1) Want of consideration; (2) the plaintiff was not the real party in interest, and (3) the note was delivered upon the express understanding and agreement that all of the personal property of one Mabel E. Frisbee, which was held by the hotel at which she had been staying, pursuant to its lien, would be returned to Mabel E. Frisbee, but that plaintiff did not deliver or cause to be delivered " the said personal effects of the said Mabel E. Frisbee as agreed."   Consequently, it is alleged

that there was a total failure of consideration of the purposes, objects and intent for which the note was given.

Plaintiff moved at Special Term for summary judgment. The motion was granted. However, the order reads in part as follows: " Ordered that the only triable issue presented in this action is the question of the amount of the plaintiff's recovery, and an assessment to determine such amount is hereby ordered for immediate hearing and trial before a court and jury."

The note dated July 1, 1937, together with a letter bearing the same date, was delivered to the plaintiff. The letter reads as follows:

" *July* 1st, 1937.

" Dear Mr. SHERRY:

" I am handing you herewith my check dated July 15th, 1937 in the amount of $75.00 together with my promissory note in the sum of $409.78, for which you will kindly obtain certain papers and other personal property belonging to Mrs. Mabel E. Frisbee, and held by the Hotel St. Regis under its hotel lien. The check and note are given in consideration of the release of this property.

" HELEN M. MARSH." (Signature.)

It should be noted that the check and note were given in consideration of the release of " certain papers and other personal property belonging to Mrs. Mabel E. Frisbee, and held by the Hotel St. Regis under its hotel lien."

The defendant asserts that all of the property was not turned over to Mrs. Frisbee pursuant to the terms of the agreement under which the note in suit was given. In effect she contends that the condition, under which she delivered the note, was not complied with by the plaintiff and as a result it did not become a binding obligation. She asserts, therefore, that there was a question of fact which precluded Special Term from granting the motion for summary judgment.

We have reached the conclusion that defendant's contention is correct and the motion should have been denied. In *Grannis* v. *Stevens* (216 N. Y. 583, 587) Judge COLLIN said in part: " The manual transfer of an instrument, in form a complete contract, does not, however, bar parol evidence that it is not to become binding until the happening of some condition precedent resting in parol, or that the transfer is for a special purpose. (*Reynolds* v. *Robinson*, 110 N. Y. 654; *Higgins* v. *Ridgway*, 153 N. Y. 130; *Burke* v. *Dulaney*, 153 U. S. 228; *Niblock* v. *Sprague*, 200 N. Y. 390.) It is a question of fact whether any written agreement, though in possession of the obligee, has been delivered by the obligor as a binding agreement, or whether any delivery that has been

made is conditional only. (*Elastic Tip Co.* v. *Graham*, 185 Mass. 597; *Benton* v. *Martin*, 52 N. Y. 570; *Eastman* v. *Shaw*, 65 N. Y. 522; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Grierson* v. *Mason*, 60 N. Y. 394; *Megowan* v. *Peterson*, 173 N. Y. 1; *Juilliard* v. *Chaffee*, 92 N. Y. 529.) " (See, also, *Germania National Bank* v. *Taaks*, 101 N. Y. 442.)

Under the circumstances it becomes unnecessary to discuss the procedure which was followed by the court at Trial Term. There the court was simply trying to carrying out the directions made in the order which was entered at Special Term.

For the reasons assigned, the order granting summary judgment together with the final judgment should be reversed, with costs, and the motion for summary judgment denied. Since a trial of the issues must be had, the appeal from the order which denied defendant's application for a new trial should be dismissed, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment and order granting plaintiff's motion for summary judgment unanimously reversed, with costs, and the motion for summary judgment denied. Appeal from order denying defendant's motion to set aside verdict dismissed, without costs.