NEPTUNE METER COMPANY, Plaintiff, v. LONG ISLAND WATER METER REPAIR CO., INC., et al., Defendants.

Supreme Court, Special Term, Queens County, December 16, 1942.

*Jahr & Leeds* for plaintiff.

*Edward Schneider* for defendants.

DALY, J. In an action upon a promissory note brought by the payee against the corporate maker and the individual endorser, the defendant Schneider, the plaintiff moves to strike out the latter's answer and for judgment pursuant to rule 113 of the Rules of Civil Practice, upon the ground that there is no defense to the action.

The answer sought to be stricken out, after denying the material allegations of the complaint, asserts two defenses: (1) That the signature of the endorser was placed on the note without consideration after the delivery thereof; and (2) that after the delivery of said note, the defendant was induced to

place his signature thereon by the misrepresentation, fraud, and deceit of the plaintiff in stating that thereby the defendant would not become personally liable.

It appears uncontradicted that the note sued upon is a renewal note of another renewal note executed by the corporate defendant on October 1, 1939, and that the first two notes were not endorsed, except by the corporate defendant.

The plaintiff contends that it consented to the renewal of the corporate note on condition that it be endorsed by the corporate defendant's president individually and that if that were done further limited credit would be extended. That the note was delivered at a conference at which the plaintiff's attorney was present. He examined the renewal note as offered by the defendants and when he found that it bore only the corporate endorsement, he pointed out to the defendant Schneider that this would not suffice. Thereupon, Schneider endorsed the note individually.

The defendant Schneider denies this. He claims that no new credit was extended on the basis of his endorsement inasmuch as accounts receivable were assigned for that purpose, and that he endorsed the note when a Mr. Ballentine represented to him that the plaintiff would not look to him personally for the money.

However improbable this version of the transaction may appear, it presents an issue of fact which cannot be summarily disposed of. The court is not authorized to try issues upon a motion of this character. Its duty is to determine merely '' whether there is an issue to be tried.'' (*Dwan* v. *Massarene*, 199 App. Div. 872, 879.) The credibility is for the trier of the facts. (*First Trust & Deposit Co.* v. *Dent*, 263 App. Div. 1058.) Whether there was any consideration for the endorsement and whether the payee procured the endorsement upon an agreement that the endorser would not be liable are questions which must await trial for their determination. (See *Higgins* v. *Ridgeway*, 153 N. Y. 130; *Bernstein* v. *Kritzer*, 253 N. Y. 410, 416; *McAdam* v. *Wholesale Dry Cleaning & Dyeing Works, Inc.*, 232 App. Div. 30; *Sherry* v. *Marsh*, 256 App. Div. 219.)

The motion is accordingly denied. Submit order.