SALANEY v. FERRIS,
Dist. Judge, et al.

No. 33365.    Sept. 28, 1948.

Rehearing Denied Nov. 23, 1948.
Second Petition for Rehearing
Denied April 5, 1949.

*204 P. 2d 270.*

Hughes & Hughes, of Hobart, for petitioner.

Finley McLaury, of Snyder, for respondent.

Rowe Cook, of Oklahoma City, amicus curiae.

ARNOLD, J.   Original application by J. C. Salaney for writ of certiorari to review the action of Clarence W. Hunt-

er, county judge of Kiowa county, and the action of Weldon Ferris, district judge, on appeal from the county court, in denying the application of petitioner for license to sell nonintoxicating beverages in the town of Snyder in that county.

Petitioner, on June 24, 1947, made application to the county judge of Kiowa county for a retail dealer's permit to sell nonintoxicating beverages as defined by law on the property described as lot 1, block 79, in the original townsite of Snyder, Okla.; that an order was entered setting said matter for hearing July 1, 1947, and that due notice of such hearing was given as required by law; that upon said hearing petitioner adduced evidence before the county judge establishing all of the qualifications required by law for the issuance to him of said license; that certain citizens of the town of Snyder also appeared at said hearing in protest against the issuance of said license; that at the conclusion of said hearing the county judge found that petitioner possessed all of the statutory qualifications which entitled him to such a license, but found that by reason of extraneous matters introduced in evidence by protestants that it was not in the public interest for such license to be issued, and entered his order refusing such license; that exception was taken to said order and judgment, and after notice of appeal an appeal was perfected to the district court of Kiowa county where the matter was again heard by the district judge on August 6, 1947; that at said hearing in the district court the judge found and determined, as did the county judge, that petitioner possessed all of the statutory qualifications entitling him to the issuance of such license, but upon substantially the same evidence as to extraneous matters as that presented to the county judge, the district judge entered his order and judgment affirming the order and judgment of the county judge in refusing such permit.

It being provided in the statute under which these proceedings were had that the district court should have final appellate jurisdiction, petitioner has filed his application in this court to assume original jurisdiction and to issue the writ of certiorari to review these orders and judgments and attaches to such application his formal petition for the relief sought.

The statute under which these proceedings were had and which is involved in this application is section 11, ch. 2, Title 37, S.L. 1947, which reads:

"It shall be unlawful for any person, or persons, to maintain or operate any place where nonintoxicating beverages, as herein defined, are sold for consumption on or off the premises without first securing a permit issued by the county judge in and for the county wherein such premises are located. The person applying for such permit must make a showing once a year, and must satisfy the county judge that he is a person of good moral character; that he has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or of any of the gambling laws of the State, or any other State of the United States, within three (3) years immediately preceding the date of his application, or any of the laws commonly called 'Prohibition Laws', or had any permit or license to sell nonintoxicating liquors revoked in any county of this State within twelve (12) months; and that at the time of his application for a license, he is not the holder of a retail liquor dealer's permit or license from the United States Government to engage in the sale of intoxicating liquor. Nor shall any permit be issued to sell nonintoxicating beverages in any place, location or address, for which there is outstanding license or permit from the United States Government. A fee of Five Dollars ($5.00) per year shall be charged by the county judge for the issuance of such permit, which fee shall be deposited in the county court fund. Upon application being filed, the county judge shall give five (5) days notice by posting such notice, one (1)

of said notices to be posted in the county court house and three (3) of said notices in the city or township wherein said beverages are to be sold, one (1) of which shall be plainly exhibited by posting on the front of the building in which said nonintoxicating beverages are to be sold; and a copy of said notice shall also be mailed to the county attorney, the sheriff, and the chief of police or marshal of any city or town in which said business is to be operated. Said notice shall contain the name of the applicant and the location of said place of business. Any citizen of said county may appear before the county judge in protest of the issuance of said permit; provided, that any person feeling himself aggrieved by the decision of the county judge upon any matter involved in this Act, shall have the right of appeal to the district court of such county, upon the same terms and provisions as now relate to appeals in probate matters. The district court shall be vested with final appellate jurisdiction. If an appeal is taken, as herein provided, the county judge may suspend such permit pending final determination of the appeal by the district court."

A statute and a fact situation almost identical with those presented here was considered by this court in the pool hall license case of Nicodemus, Mayor of the City of Drumright, et al. v. State ex rel. Parker, 82 Okla. 152, 198 P. 847. The statute there considered was section 2, ch. 21, S.L. 1915, which reads:

"It shall be unlawful for any person or persons, or corporation to maintain or operate a public pool or billiard hall, or any public pool or billiard table, in any incorporated city or town, without first securing license issued by the county judge. The person applying for such license must make a showing once each year, and satisfy the county judge that he is a person of good moral character; that he has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or any of the laws commonly called 'prohibition laws', or convicted of violating any of the gambling laws of the state; or has paid the special liquor dealers'

tax to the United States, and must make further proof that no special liquor dealers' tax stamps or receipt issued by the United States is held by any person occupying that part of such building in which the pool or billiard hall is to be operated. A fee of five dollars per year shall be charged by the county judge for the issuing of such license. Upon application being filed, the county judge shall give five days' notice by posting notices, one of said notices to be posted at the county courthouse and three in the city or town where said pool hall shall be located. Said notice shall contain the name of the applicant and the location of said pool or billiard hall. Any citizen of said city or town may appear before the county judge and protest the issuance of said license. Any person violating any provision of this section shall be punished by fine not less than twenty-five dollars nor more than one hundred dollars, for each offense."

It will be noted that the statutory qualifications for a license under that act are almost identical with those under the act here involved, the only difference in the fact situation being that upon satisfactory proof that applicant possessed the statutory qualifications the county judge issued a license. Thereafter, in conformity with an ordinance of the city of Drumright, applicant filed with the city clerk his application for license and deposited with the city clerk the sum of $140 which was the fee required upon such application. The mayor of the city upon a hearing held on said application refused the same for reasons extraneous of the statutory qualifications, just as the county judge and the district judge did in the instant case.

County courts in this state, except in probate matters, are courts of limited jurisdiction and no act or judgment of such court in excess of and beyond the jurisdiction expressly conferred by law is valid. The district court on appeal has no greater jurisdiction nor any broader authority than had the county court from which the appeal was taken. In the case above cited the mayor acted

in a quasi judicial capacity in refusing the license and this court held that where the applicant had brought himself strictly within the provisions of the statute so as to be entitled to a license, the action of the mayor in refusing the city license was in excess of his jurisdiction and that its issuance would be compelled by mandamus. Since both the county judge and the district judge judicially determined that petitioner possessed all of the statutory qualifications entitling him to a license, including good moral character, the limit of their jurisdiction under the specific provisions of the statute had been reached and the denial of a license for reasons extraneous to those prescribed by law were not judicial acts because of a lack of power and authority vested in them under the act to so determine.

It must have been obvious to the Legislature, as it is to us, that on the initial hearing upon the application for a license no competent proof could be adduced that petitioner's business, when established, would not be conducted in a lawful manner and without creating a nuisance. Realizing the imperative duty which it had imposed upon the county judge to issue a license when the statutory qualifications were found and determined to be possessed by an applicant, in order to provide against a situation which might result by reason of the necessary absence of any proof as to how petitioner's business would be conducted when established, the Legislature went a step further and provided that the county judge may at any time upon five days' notice revoke a license for violation of any one of the five essential requirements to the holding of a license and for the additional reason that petitioner had allowed minors to purchase nonintoxicating liquor in his establishment and no duration of time during which the business is conducted was fixed, so that petitioner's license might be revoked and his place of business closed at any time on five days' notice upon proof of any one or more of the six grounds made the basis for such revocation.

By section 3 of chapter 21 of the 1915 Act, supra, provisions for revocation of a pool hall license were made which are identical with those contained is the act now under consideration. It is thus seen that the Legislature in both acts had in view the compelling of an orderly conducted business after the issuance of the license, made necessary by the impossibility of making competent proof in advance of the manner in which the business would be conducted.

That the exercise of this power of revocation was intended by the Legislature to be used promptly upon the existence of any of these grounds for revocation is shown by the further requirement made by the Legislature that the county judge shall make monthly reports to the Tax Commission showing his licenses issued or revoked.

Aside from authorities defining the purpose and scope of the writ of certiorari, both sides in their briefs cite and rely only on authorities from other jurisdictions which present analogous situations, but the conflict in those authorities demonstrates the necessity for basing our decision herein on the exact language of our statute and our established public policy. It may not be concluded that the authorities from other jurisdictions are based upon statutes identical in language with our own or that public policy is the same as ours.

Where the language of a statute is clear and unambiguous and is within constitutional limitations, it may not be amended by judicial interpretation to include extraneous matters not within the contemplation of the Legislature in the enactment. That the Legislature did not intend that on an initial hearing for a license, after full and satisfactory proof that the applicant possessed the statutory qualifications, the county judge might refuse a license upon proof of what some other license holder did in years past, is clear.

Upon a consideration of the language of our statute here involved and the holding of this court in the Nicodemus case, supra, we feel impelled to hold that the county judge and the district judge, on appeal, went outside of and beyond their jurisdiction in denying petitioner's application upon matters not authorized by the Legislature to be considered by them upon the initial hearing on application for a license.

The scope and purpose of the writ of certiorari has been so well defined in numerous decisions of this court that we have no difficulty in reaching the conclusion that this case comes well within the scope and purpose of the writ; since it is admitted by protestants, as shown by the journal entry of the judgments of the county and district courts, that the denial of the license was based solely upon extraneous matters, such as the distance of Snyder from the county seat, the limited amount of police protection, and the failure of such establishments in Snyder in past years to be properly operated and maintained, which we hold was beyond the discretion, jurisdiction, and power of said courts under the provisions of the licensing act, it is unnecessary to order the record certified to this court. Walker v. Womack, County Judge, 181 Okla. 34, 72 P. 2d 510.

The judgment of the district court is vacated, set aside and held for naught and the judgment of the county court is reversed, with directions to issue the license.

DAVISON, V.C.J., and WELCH, GIBSON, and CORN, JJ., concur. HURST, C.J., and RILEY, J., dissent.

---

HURST, C.J. (dissenting). The question for decision is whether this court should assume original jurisdiction to review by certiorari an alleged error of law committed by the county and district judges in denying a permit to Salaney to operate a beer tavern in the town of Snyder against the wishes of the people of the town. In denying the permit, on appeal, the district court said:

"The evidence from the witnesses does show that beer establishments located upon the Main Street of Snyder, which is a small town some thirty miles from the county seat of Kiowa County, constitutes a grave problem for the officers and policemen, as well as the testimony shows that similar establishments located in the main section of Snyder within the past two or three years created a traffic hazard caused by an accumulation of over-intoxicated persons, which forced the women and children to walk out in the middle of the street."

"Taking into consideration the location of this establishment on Main Street at Snyder, the distance from the county seat, the limited amount of police protection, the accumulation of traffic in a small area, and the inability of such establishments in the past to be properly operated and maintained in this location, the application for beverage permit will be denied."

"The court finds that the county judge does have discretionary power; that he can go beyond the five statutory provisions in granting beverage license and take into consideration the location of the place, the lack of police protection, and the inability of such establishments in the past to be properly operated and maintained."

There are three reasons why, in my opinion, we should refuse to assume jurisdiction.

1. The provisions of section 2, article 7 of the Constitution of Oklahoma, conferring upon this court original jurisdiction to issue writs of certiorari and the other named writs appeared in the Constitutions of several other states long prior to the adoption of our Constitution and many decisions had been rendered in the other states construing such provisions. In Homesteaders v. McCombs, 24 Okla. 201, 103 P. 691, this court reviewed and quoted from

cases from Wisconsin, Colorado, and North Dakota construing similar constitutional provisions. For other authorities construing such provisions, see Jarman v. Mason, 102 Okla. 278, 229 P. 459; El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 P. 749; 14 Am. Jur. 457-459; 7 R.C.L. 1075; Wheeler. v. Northern Colorado Irrigation Co. (1886) 9 Colo. 248, 11 P. 103; State v. Frear, 148 Wis. 456, 134 N.W. 673, 135 N.W. 164, L.R.A. 1915B, 569, Ann. Cas. 1913A, 1147; White Eagle Oil & Refining Co. v. Gunderson, 48 S.D. 608, 205 N.W. 614, 43 A.L.R. 397.

The rules deducible from these authorities are as follows: (1) The jurisdiction of this court is primarily appellate; (2) original jurisdiction to issue the named writs was conferred in furtherance of the appellate jurisdiction and of the power of superintending control over the inferior courts, boards and commissions, and in cases of statewide concern involving the sovereignty of the state, its franchises or prerogatives, or the liberties of the people; (3) to justify this court in assuming original jurisdiction to issue any of the named writs, the question should not only be publici juris, but it should *directly*, not merely remotely or collaterally, involve the interest of the state at large, and the interest of the state should be primary and not indirect and remote; (4) whether these requirements are met will depend upon the facts and circumstances of each case.

Like other courts, this court has not always kept in mind these settled rules, and we have assumed jurisdiction in too many cases that do not meet these tests. During the past three years an average of 38 applications per year have been filed asking this court to assume original jurisdiction under this constitutional provision. The hope that the bar would exercise care and observe the established rules in seeking to invoke the original jurisdiction was expressed in Homesteaders v. McCombs, above, Attorney General v. Eau Claire, 37 Wis. 400, and in Wheeler v. Northern Colorado Irrigation Co., above.

Here the direct and primary question is whether Salaney shall be permitted to open and conduct a beer tavern in the town of Snyder, and the interest of the state in the small revenue that would be collected is only collateral and incidental. The case does not meet the tests above stated and established by the decisions.

We should refuse to assume original jurisdiction by order. Since no case is pending until the court has assumed jurisdiction, it is not necessary that a written opinion be filed refusing to assume jurisdiction as required by Section 5, article 7 of the State Constitution. This has been the practice under rules that have been in effect since the advent of statehood. See 20 Okla. X, Rule XIV; 159 Okla. IX, Rule 27; 177 Okla. XI, Rule 37. See, also, 14 Am. Jur. 459.

2. Certiorari lies to review only jurisdictional questions and not to correct errors of law or fact committed by the inferior courts and tribunals. Parmenter v. Ray, 58 Okla. 27, 158 P. 1183; City of Tulsa v. Terrill, 194 Okla. 380, 151 P. 2d 917. The county court, and the district court on appeal, had jurisdiction to grant or deny the application for a beer permit, and they are the only officers having such jurisdiction under 37 O.S. 1947 Supp. §163.11. In performing this duty, they had the incidental and necessary right to construe the statute. They construed the statute to prescribe only the minimum of requirements and to vest some discretion in the county court in the performance of such duties. I think there is merit in this position. The statute requires the applicant to establish certain facts before he may be granted a permit, but it does not say that on proving such facts he shall be granted a permit. It authorizes any citizen of the county to appear and protest the issuance of a permit, but it does not expressly limit the protest to those facts

which the applicant must establish before he may be granted a permit. But, assuming that the construction placed upon the statute by the county judge and the district judge was error, the error was one of law that may not be corrected by a writ of certiorari.

3. The writ of certiorari is one of discretion, not one of right. *Lennon v. School District*, 189 Okla. 37, 113 P. 2d 382; 14 C.J.S. 139; 10 Am. Jur. 530. The Legislature, by giving the district court final appellate jurisdiction in connection with the granting, refusal to grant, or revocation of, beer permits, intended that these matters should be handled in the local communities by the local officers who are familiar with local conditions. We should not defeat this legislative intent by reviewing the acts of the local officers by the extraordinary writ of certiorari. We should not require that Salaney be granted a license to operate a beer tavern in a community that has insufficient police protection, in view of the finding of the district court as to the drunkenness attending the operation of such places in Snyder in the past. We have too many important appealed cases at issue and awaiting our decision to devote the time to supervising the 77 county judges of the state in administering this law.

For the foregoing reasons, I respectfully dissent to the order assuming original jurisdiction and to the majority opinion.