FORD v. KEEN et al.

No. 34104.   July 12, 1949.

*208 P. 2d 176.*

Rutherford & Kerr, of Altus, for petitioner.

ARNOLD, V.C.J. This is an original proceeding by Virgil C. Ford against W. P. Keen, district judge, and C. H. Madden, county judge, of Harmon county, for writ of certiorari. This court requested response to the petition for the writ, but, although the time fixed has long since expired, no response has been filed. We have therefore examined the transcript of the record in the courts below attached to the petition for the purpose of determining whether the county and district judges in the proceedings exceeded the jurisdiction conferred upon them by 37 O. S. Supp. 1947 §163.11. The use and purpose of the writ of certiorari is thus stated in the case In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 P. 494:

"This court has power, under the provisions of section 2, art. 7, of the Constitution, to issue the common-law writ of certiorari, in cases where no appeal or proceeding in error lies, to bring up the record of an inferior court or tribunal for review as to jurisdictional errors only."

The transcript of the record attached to the petition discloses that, on the 24th day of January, 1949, petitioner made application to the county judge of Harmon county in the form prescribed by the statute for a permit to sell nonintoxicating beverages at retail on premises described in the application; that after due notice as required by law, the county judge held a hearing on said application on January 31, 1949, at which hearing certain citizens of the county appeared and protested said application on the first prerequisite condition named in the statute for the issuance of such a permit. They asserted that petitioner was not a man of good moral character. At the conclusion of said hearing the county judge denied the permit for the reason as stated in the journal entry of such order, "upon witnesses sworn and examined in open court the court finds that the said applicant has failed to make sufficient showing of character as required by the laws of the State of Oklahoma." In due time thereafter petitioner appealed to the district court where the application and protest were again heard on March 26, 1949, resulting in the affirmance of the order entered by the county judge for the reason, as stated in the journal entry of the district court's order, "the court finds that he does not possess sufficient qualifications as to good moral character as set out by statute."

A similar proceeding was under review by this court in the case of Salaney v. Ferris, District Judge, et al., 201 Okla. 236, 204 P. 2d 270, but in that case the transcript of the record from the lower courts disclosed a different situation, "since both the county judge and the district judge judicially determined that petitioner possessed all of the statutory qualifications entitling him to a license, including good moral character . . . ." Certiorari may not be resorted to for the purpose of reviewing evidence to determine the sufficiency thereof, in lieu of an appeal, but only questions involving the want of or the excessive exercise of jurisdiction in the lower court. A decision and order of a court clearly within the limits of the jurisdiction conferred upon it by 37 O. S. Supp. 1947 §163.11 is conclusive on petition to this court for a writ of certiorari.

Writ denied.

DAVISON, C.J., and GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.