ALLISON v. HOWELL, Dist. Judge, et al.

No. 35019.    April 24, 1951.

*230 P. 2d 706.*

Bill Crain, Wewoka, for petitioner.

PER CURIAM. This is an original application of Mrs. Leo Allison for writ of certiorari to review the action of Hubert Hargrave, county judge of Seminole county, and the action of Bob Howell, district judge, on appeal from the county court, in denying the application of petitioner for license to sell nonintoxicating beverages in the city of Wewoka, Seminole county, Oklahoma.

Petitioner made application to the county judge of Seminole county for a retail dealer's permit to sell nonintoxicating beverages as defined by law on the property described as 1020 South Mekusukey, in the city of Wewoka; that proper and legal notice of the hearing of the application was given; that various citizens of Wewoka appeared and protested against the issuance of the license; that upon the hearing petitioner conclusively proved that she had all of the qualifications required by law for the issuance of said license; that at the conclusion of this hearing, the county judge found that petitioner possessed all of the statutory qualifications which entitled her to such a license, but found that by reason of extraneous matters introduced in evidence by protestants that it was not in public interest for such license to be issued, and entered his order refusing such license; that in due and proper time an appeal from this order and judgment was properly perfected where the matter was again heard by the district judge, who thereupon en-

tered his order and judgment affirming the order of the county judge in refusing to issue such license.

Before entering the judgment last above referred to, the district judge made the following findings of fact which were included in his journal entry of judgment:

"That the applicant, Mrs. Leo Allison, for a retailer's Non-Intoxicating beverage permit, authorizing her to sell such beverage at retail at her place of business located at 1020 South Mekusukey in the City of Wewoka, Oklahoma, the appellant herein, is a person of good moral character; finds that she has never been convicted of violating any laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or any of the gambling laws of the State of Oklahoma, or any other State of the United States, or any of the laws commonly called 'Prohibition Laws', or had any permit or license to sell Non-Intoxicating beverages revoked in any county of this State; finds that at the time the said Mrs. Leo Allison made her application for license or permit to sell said Non-Intoxicating beverages, she was not and is not now the holder of a retail liquor dealer's permit from the United States Goverment to engage in the sale of intoxicating liquor; finds that the place of business of said applicant for such Non-Intoxicating beverage permit does not hold now and that there is no outstanding license or permit from the United States Goverment. The Court further finds that the applicant, Mrs. Leo Allison, possesses all the qualifications and statutory requirements which is required by law in order to obtain a permit for the sale of Non-Intoxicating beverages; but finds that the said location where applicant has applied for such permit is located ten blocks from the business district of the City of Wewoka, on U.S. Highway 270; that said location has heretofore for several years been operated as a drive-in restaurant; that there are a number of other businesses such as grocery stores, garages, filling stations on said highway and in the general neighborhood of said location, and one dance hall located approximately three (3) blocks south on said highway from said loca-

tion; that said location is situated on a route frequented and traveled by high school students on their way to school, and said school being located due west of said location on Okfuskee Street which runs parallel to said U.S. Highway 270 in the City of Wewoka, Oklahoma, and said high school being located across the said highway 270 and one ' city block west and across said Okfuskee Street from said location; that it would not be conducive to the best interests of said high school students and said protestants for said drive-in restaurant to be issued a license or permit to sell Non-Intoxicating beverages. And the Court further finds that to grant the permit to sell said Non-Intoxicating beverages in and at said drive-in restaurant would be injurious to, and would seriously affect the peace, health, and safety of the community."

From the findings of fact, when considered in connection with the statute, hereinafter cited, pertaining to the issuance of such a license, it will be noted that petitioner possessed all of the qualifications entitling her to the license applied for.

The pertinent statute under which these proceedings were had and which is involved in this application is section 11, chapter 2, Title 37, S. L. 1947, 37 O.S. Supp. §163.11, which reads:

"It shall be unlawful for any person, or persons, to maintain or operate any place where nonintoxicating beverages, as herein defined, are . sold for consumption on or off the premises without first securing a permit issued by the county judge in and for the county wherein such premises are located. The person applying for such permit must make a showing once a year, and must satisfy the county judge that he is a person of good moral character; that he has never been convicted of violating any of the laws prohibiting the traffic in any spirituous, vinous, fermented or malt liquors, or of any of the gambling laws of the State, or any other State of the United States, within three (3) years immediately preceding the date of his application, or any of the laws commonly called 'Prohibition Laws', or had any permit or license to sell nonintoxicating liquors revoked in any county of this State within twelve (12) months; and that at the time of his application for a license, he is not the holder of a retail liquor dealer's permit or license from the United States Government to engage in the sale of intoxicating liquor. Nor shall any permit be issued to sell nonintoxicating beverages in any place, location or address, for which there is no outstanding license or permit from the United States Government. A fee of Five Dollars ($5.00) per year shall be charged by the county judge for the issuance of such permit, which fee shall be deposited in the county court fund. Upon application being filed, the county judge shall give five (5) days notice by posting such notice, one (1) of said notices to be posted in the county court house and three (3) of said notices in the city .or township wherein said beverages are to be sold, one (1) of which shall be plainly exhibited by posting on the front of the building in which said nonintoxicating beverages are to be sold; and a copy of said notice shall also be mailed to the county attorney, the sheriff and the chief of police or marshal of any city or town in which said business is to be operated. Said notice shall contain the name of the applicant and the location of said place of business. Any citizen of said county may appear before the county judge in protest of the issuance of said permit; provided, that any person feeling himself aggrieved by the decision of the county judge upon any matter involved in this Act, shall have the right of appeal to the district court of such county, upon the same terms and provisions as now relate to appeals in probate matters. The district court shall be vested with final appellant jurisdiction. If an appeal is taken, as herein provided, the county judge may suspend such permit pending final determination of the appeal by the district court."

This court has had occasion to pass on the question involved herein under an almost identical factual situation. Salaney v. Ferris, District Judge, et al., 201 Okla. 236, 204 P. 2d 270. In that case, which was decided in September, 1948, we held that the language of the statute was clear and unambig-

uous and within constitutional limitations and could not be amended by judicial interpretation to include extraneous matters not within the contemplation of the Legislature in the enactment thereof.

The Legislature did not intend that on the initial hearing for such a license, after full and satisfactory proof that the applicant possessed the statutory qualifications, the county judge or district judge, on appeal, might refuse such license on proof of the nature and substance offered by the protestants herein.

The Legislature has seen fit to enact a statute prohibiting the sale of beer from a location on or near a place where public dancing is held. 37 O.S. Supp. 1943 §211. This court, in construing such act in the case of Stewart v. Oklahoma Tax Commission, 196 Okla. 675, 168 P. 2d 125, held that the commission did not abuse its discretion in denying license where the record showed premises upon which the Commission denied application for renewal of such license was located near, and connected by side walk, to a place where public dancing was held and where the place of sale was manifestly for the use of patrons of the dance hall.

There is no legislation presently before us prohibiting the issuance of such a license because the place for retail might be located so as not to be conducive to the best interest of students passing said location or because it might be said to be against the peace, health and safety of a community.

Any restriction as to places or areas for sale of beer is purely a legislative function. We must, as a part of our duty, follow the unambiguous language contained in the statute before us and again follow the case of Salaney v. Ferris, supra.

The judgment of the district court is vacated, set aside and held for naught and the judgment of the county court is reversed, with directions to issue the license.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.