James C. NANCE, Plaintiff In Error,

v.

Angie HESTER and Frances Bingaman, Defendants in Error.

No. 38568.

Supreme Court of Oklahoma.

March 15, 1960.

Rehearing Denied May 3, 1960.

 

Hardin Ballard, Purman Wilson, Purcell, for plaintiff in error.

George Bingaman, Thomas G. Smith, Purcell, for defendants in error.

IRWIN, Justice.

After the 1958 democratic primary election, Norman A. Smith challenged the nomination of James C. Nance to the office of State Representative, McClain County, upon the ground of fraud. Pursuant to law, at the time of filing the contest, Smith, as principal, and Angie Hester and Frances Bingaman, as sureties, filed and had approved a bond in the sum of $2,000 in favor of Nance, the contestee, conditioned for the payment of any and all liabilities or judgments arising from the contest. Upon hearing the election contest, the District Judge sustained a demurrer to the evidence and dismissed the petition.

Thereafter, James C. Nance commenced this action on the bond against Norman A. Smith as principal and Angie Hester and Frances Bingaman as sureties. The trial court overruled a demurrer to the petition of the principal Smith and sustained the demurrer of defendants, Angie Hester and Frances Bingaman and from this order, James C. Nance perfected this appeal.

### Pleadings

Plaintiff alleged he had received 2,497 votes and that Norman A. Smith had received 2,138 votes in the 1958 primary election; that the $2,000 bond in his favor, a copy of which was attached to and made a part of the petition, was duly filed with Smith as principal and defendants Hester and Bingaman as sureties, conditioned for the payment of any and all liabilities or judgments arising from the contest. He further alleged the statutory provisions relating to civil liability of a contestant to a contestee for damages sustained where a petition is filed contesting an election on

the ground of fraud and the alleged fraud is not sustained by the evidence, and a copy of the order dismissing the petition contesting the election was attached to and made a part of the petition.

Plaintiff further alleged he was obligated to pay $1,500 in attorney fees for defending the election contest, $55.75 for service of process, $98.10 for mileage and fees; that the election contest was frivolous in nature and that he was entitled to $100 as punitive damages and prayed for judgment in the sum of $1,753.85, against the defendants on said bond.

The trial court sustained the demurrer to the petition on behalf of defendants Hester and Bingaman on the ground that the plaintiff must first proceed to a judgment against the principal, Smith, before he can proceed against the sureties Hester and Bingaman.

### Contentions

The plaintiff contends the obligee in a statutory bond given to contest the announced results of a primary election upon the ground of fraud may proceed against the principal and the sureties jointly to recover the damages sustained by him by reason of such contest without first obtaining a judgment against the principal.

Defendants Hester and Bingaman contend the bond herein is in the nature of a cost bond; that the costs and liabilities under the bond must first be determined in the contest action in McClain County and that after such determination is made, a judgment must be first secured against the principal and if not paid, then an action may be filed against the sureties.

### Conclusions

The pertinent statutory provisions for contesting elections based on fraud and the liability of the contestant to the contestee when the alleged fraud is not sustained by the evidence are:

Title 26 O.S.1957 Supp. § 391, inter alia, provides:

"* * * A candidate may challenge an election * * * by filing a peti-

tion with the State Election Board * * *, which petition must be under oath and under penalty of perjury. At the time of the filing of any petition aforesaid and as a condition to the filing of any said petition, the petitioner shall also file a bond in the amount of not less than Two Thousand Dollars ($2,000.00) for each county *in which fraud is alleged* to have occurred, *running in favor of the contestee and conditioned upon payment of any and all liabilities* or judgments arising from the contest so filed; said bond may be either in cash, or may be executed by either a surety company * * * *or by two persons qualified as sureties.* * * * In said petition the contestant must allege that fraud occurred in certain precincts or in casting of absentee ballots. He must further allege the name of the precincts wherein such fraud occurred, the specific act constituting such fraud in said precinct or in the casting of absentee ballots, as the case may be, and that such fraud changed the results of the election. If such petition is filed in the manner herein provided, *the district judge* of the county * * *, *shall forthwith cause notice to be served, * * * and hear and determine said issue without delay or continuance. * * * The judge shall try and determine the issues formed by such pleadings and render such judgment as he may deem just and proper, according to the evidence submitted.*"

Title 26 O.S.1957 Supp. § 393, provides:

"In all cases where a petition is filed which alleges fraud but after hearing said allegations are not reasonably sustained by competent evidence, the petitioner (contestant) shall be civilly liable in damages to the contestee for all damage sustained, including a reasonable attorney fee and all reasonable and proper costs of conducting such contest, and, in the event it be alleged and found that such petition was frivolous in nature, the contestee may also

be allowed punitive damages to be paid by said petitioner."

The pertinent provisions of the bond, executed and filed in compliance with Sec. 391, supra, are:

"That we, Norman A. Smith, principal, and Angie Hester, and Frances Bingaman, as sureties, are held and firmly bound unto James C. Nance in the sum of Two Thousand ($2,000) Dollars lawful money of the United States of America, for which payment well and truly to be made, *we bind ourselves*, our heirs, executors, administrators, *jointly and severally*, firmly by these presents.

"Witness our hands this 5th day of July, 1958.

"The condition of the above obligation is such that, whereas, Norman A. Smith, principal herein, is about to file a challenge with the State Election Board of the State of Oklahoma, challenging the results of the primary election of July 1, 1958, in McClain County, Oklahoma, with reference to the Office of State Representative for said County, and as a condition to the filing of said petition is required to file a bond in the amount of not less than two thousand dollars running in favor of the contestee, James C. Nance, conditioned for the payment of any and all liabilities or judgments arising from the contest so filed.

"Now, Therefore, if the said Norman A. Smith shall pay any and all liabilities or judgments arising from said contest as provided by law, then this obligation to be void; otherwise to remain in full force and effect."

We cannot sustain defendants' contention that the bond herein is in the nature of a cost bond given in lieu of a cash deposit. We do have statutory provisions for cash deposits when a contestant requests a recount of the ballots but this deposit is used by the election board to defray the actual expenses of the recount, including the expense of service of process, mileage and per diem of witnesses and members of the election board. The bond herein is in favor of the contestee and conditioned upon payment of any and all liabilities or judgments arising from the election contest. Sec. 393, supra, sets forth the damages for which a contestant shall be liable to a contestee, if the alleged fraud is not sustained by the evidence.

■ In determining whether the liability of the contestant must be determined in the election contest proceeding, we must be cognizant of the statutory provision which prescribes that the district judge shall hear and determine the issue of fraud. Jurisdiction to determine fraud in election proceedings is not conferred upon a district court but upon a district judge and there is a well defined distinction between a judge of a court and the court over which he presides. The district judge who hears and determines the issue of fraud has only two determinations to make, and they are, "Did fraud occur, and if it did occur, did such fraud change the result of the election?"

■ The only pleadings to be filed are the pleadings of the contestant alleging the fraud and the pleadings of the contestee, if he so desires, being a cross petition, setting forth, among other things, allegations tending to show that he (the contestee) was the winner. The statute does not prescribe that the contestee may at that time litigate the civil liability of the contestant. Jurisdiction to litigate damages is conferred on a court and not on a judge of that court, and the district judge was without right or authority to make any determination involving the civil liability of the contestant in the election contest proceeding, and had such determination been made, the same would have been beyond his authority and power. See Allison v. Howell, 204 Okl. 404, 230 P.2d 706; Taylor v. Dale, 201 Okl. 519, 207 P.2d 789, and Salaney v. Ferris, 201 Okl. 236, 204 P.2d 270. We therefore conclude the civil li-

ability of the contestant could not be determined by the district judge in the election contest but only in a separate action.

In determining whether it was necessary for the plaintiff to first obtain a judgment against the principal obligor (the contestant) before proceeding against the sureties (defendants Hester and Bingaman) we will examine our statutes. Title 12 O. S.1951 § 234 provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

This section was lifted bodily from the Kansas Statutes and the Supreme Court of Kansas, in construing its statute held in the case of Jenks v. School District, 18 Kan. 356:

"Official Bonds; Principal and Sureties; Several Liability. All official bonds are joint and several, and a suit may be maintained on the bond of the treasurer of a school district against one, or all of the obligors, or against any of them."

We have held that an obligee may join the principal and the surety who are jointly and severally liable or may proceed against the surety alone. In Burnham v. Edwards, 125 Okl. 272, 257 P. 788, 53 A.L.R. 800, we held:

"When the obligation in a surety bond is joint and several, the obligee has the absolute right to proceed against the surety alone."

In Yaffe v. Bank of Chelsea, Okl., 271 P.2d 365, we held:

"The undertaking of a surety is absolute and he is directly liable to the creditor. The creditor may sue the principal endorser, or guarantor, or all of them at his option. * * *"

In Thompson v. Grider Implement Co., 36 Okl. 165, 128 P. 266, we said:

"Under this section, the plaintiffs had the right to sue all or any of the makers of the bond."

See also Schowalter v. Beard, 10 Okl. 454, 63 P. 687; and Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okl. 208, 239 P. 154.

██  The bond under consideration expressly provides that the principal and sureties would not be liable on the bond if the principal is not liable in civil damages to the plaintiff, but if the principal is liable, the sureties are jointly and severally liable for the payment of any and all liabilities. We therefore conclude that the defendants Hester and Bingaman, as sureties on the of the contestant, are proper party defendants and the trial court was in error in sustaining the demurrer as to them.

The cause is therefore reversed and remanded with instructions to vacate the order sustaining the demurrer of the defendants Hester and Bingaman and reinstate the cause as to them.

Reversed and remanded.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

WELCH and HALLEY, JJ., dissent.