**7–ELEVEN, INCORPORATED, Petitioner,**

v.

**William L. FOGG, District Judge in and for Oklahoma County and the City of Bethany, Respondents.**

No. 39853.

Supreme Court of Oklahoma.

April 17, 1962.

Rehearing Denied June 5, 1962.

Cochran, Dudley, Fowler, Rucks, Baker & Jopling, by R. C. Jopling, Jr., Oklahoma City, for petitioner.

Wilbert G. Smith, Oklahoma City, for respondents.

BLACKBIRD, Vice Chief Justice.

This action is the outgrowth of an appliation addressed to the County Judge of Oklahoma County, by 7-Eleven, Inc., for a license, or permit, to sell non-intoxicating beverages of 3.2% alcoholic content, at 6709 Northwest 23rd Street, in the City of Bethany in said County, under Tit. 37 O.S. 1951, § 163.11 (Tit. 37 O.S.1957 Supp. § 163.11).

The County Judge granted the application and issued the license on July 1, 1960. Thereafter, on July 14, 1960, the City of Bethany filed in the County Court a pleading entitled "OBJECTION TO ISSUANCE OF BEER LICENSE", protesting and objecting to issuance of said license for the following reasons:

"1. Notice was not given as required by law.

"2. The sale of beer at 6709 N. W. 23rd Street in the City of Bethany is in violation of the zoning ordinance of the City of Bethany, which among other things prohibits the sale of beer within 300 feet of a church, and location as aforesaid is well within 300 feet of a church in the City of Bethany."

From the record before us, it appears that on the same date (July 14) the County Judge endorsed, above his signature, on the face of 7-Eleven's license, the words: "Improperly issued."

Although the record does not affirmatively so show, 7-Eleven's brief states, without contradiction, that it surrendered this license voluntarily because of insufficient posting and notification.

Thereafter, presumably on the same date, 7-Eleven filed a new application for such a license, and the parties entered into a written "STIPULATION OF FACTS", filed in said Court, in an apparent effort to obtain a court test of the effect of Bethany's Ordinance No. 380, a zoning ordinance, upon 7-Eleven's right to the issuance of the license.

According to its copy attached to the "STIPULATION OF FACTS", this ordinance's Section 9 provides for a "U–6", or "Commercial Recreation" zone. One of the businesses this section specifically authorizes in such a zone as a "U–6a", is:

"* * * 2. Retail business selling a liquid that may be used as a beverage containing more than one-half of one per cent alcohol, but not more than 3.2 per cent alcohol, not to be consumed on the premises. * * *."

However, the above-quoted authorization is qualified or limited by the following further provision:

"* * * Provided that in no event will any area be used for U–6a Use purpose, which is within 300 feet of any school, church, hospital, convalescent hospital, play ground, community building, youth center, or any other place where large numbers of persons congregate; * * *."

According to the parties' stipulation of facts, the address of 7-Eleven's store and building (set forth on its application), at which "3.2 alcoholic beverages" would be sold under the license applied for, is only 182 feet from a church. It is this fact upon which the parties have attempted to predicate a test of the validity of the zoning ordinance, supra, in this proceeding to obtain a license to sell non-intoxicating beverages.

A part of the decretal portion of the County Judge's order denying 7-Eleven's application reads as follows:

"The application be and the same hereby is denied for the sole and only reason that the sale of 3.2 alcoholic beverages at applicant's location within the City of Bethany would be in violation of the Ordinances of the City of Bethany and particularly Ordinance No. 380 of the City of Bethany pertaining to zoning classifications. * * *."

Upon 7-Eleven's appeal, from the quoted County Judge's order, to the District Court, the latter Court, with District Judge Wm. L. Fogg presiding, affirmed said order, after making the following finding:

"* * * that the parties hereto have stipulated that if the ordinances of the City of Bethany are valid *and 7-Eleven, Inc., cannot lawfully sell beer at its location* in the City of Bethany, then the Order of the County Judge denying 7-Eleven, Inc., a beer license should be sustained." (Emphasis ours.)

Thereafter, 7-Eleven, Inc., hereinafter referred to as petitioner, applied to this court to assume jurisdiction of the proceedings, and filed herein its petition for a writ of certiorari against the above-named respondent district judge. Without ruling on either the application, or the petition, we heretofore directed that the record of the lower court proceedings be transmitted here, and that the parties brief the issues on the merits.

Directing a part of its petition for the writ of certiorari safely within the scope of our jurisdiction and consideration, in the matter of such writs, petitioner charges that the county judge and district court exceeded their jurisdiction in that their rulings were based upon considerations outside the proper scope of, and extraneous to, the proper ones at a hearing on an application for a license to sell non-intoxicating beverages.

At first glance, this might appear to be inconsistent with the hereinbefore quoted stipulation referred to in the district court's judgment, that "* * * if the ordinances of the City of Bethany are valid, *and 7-Eleven, Inc., cannot lawfully sell beer at its location* in the City of Bethany, then the order of the County Judge * * * should be sustained." However, upon further analysis, it may be seen that the expression "and cannot lawfully sell * * *" is very broad in scope—in fact, broad enough to comprehend statutory non-compliances, as well as ordinance violations, or non-compliances. If the Bethany zoning ordinance, here sought to be brought into question, is immaterial, or extraneous to the matters properly for consideration by a county judge when issuing licenses to sell non-intoxicating beverages, then it can be of no concern to him what such an ordinance provides, or whether the prospective holder of such license will violate it if he, or it, should try to sell beer under it in a particular urban area not zoned for such a business, or whether such zoning ordinance is valid or void.

Section 163.11, supra, contains no mention of any city zoning ordinance, nor does it make compliance with any such ordinance, a requirement for obtaining the license it concerns. Nor can there be read into the Non-intoxicating Beverage Act any wording which makes the use of such a license within 300 feet of a church, or a church's recreational facilities, a deterrent to the issuance of such a license. From a legal standpoint, and, in respect to the only subjects of inquiry at hearings on such application, there is no difference, on principle, between the "extraneous matter" sought to be injected into the hearing involved here, and those dealt with in Allison v. Howell, 204 Okl. 404, 230 P.2d 706, Taylor v. Dale, 201 Okl. 519, 207 P.2d 789, and Salancy v. Ferris, 201 Okl. 236, 204 P.2d 270; and it has no more bearing upon whether or not petitioner has met the statutory requirements for a license to sell non-intoxicating beverages. Therefore, by denying the application, the County Judge exceeded the original jurisdiction in such matters vested in him by the Act. Likewise, the respondent District Court, and/or Judge thereof, exceeded the appellate jurisdiction granted him by the same statute.

In view of the foregoing, the judgment of the District Court is vacated, and the order of the County Judge is reversed with directions to issue the license.

HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

DAVISON, J., concurs in result.

WILLIAMS, C. J., and JACKSON, J., dissent.

JACKSON, Justice (dissenting).

Petitioner, 7-Eleven, Inc., has requested this Court to assume jurisdiction and to grant its petition for Writ of Certiorari. In its application it is said in part:

"* * * an order denying the issuance of a license to dispense 3.2 non-alcoholic beverages at a grocery store operated by the Petitioner within the City of Bethany, Oklahoma, (was denied) *for the sole and only reason that the sale of 3.2 alcoholic beverages at the applicant's location within the City of Bethany would be in violation of the ordinances of the City of Bethany* and particularly Ordinance No. 380 of the City of Bethany pertaining to zoning classifications." (Emphasis supplied.)

It was stipulated that the petitioner satisfied every requirement of the statutes (37 O.S.1961, § 163.11), but it is asserted that the permit was denied out of a consideration of extraneous matters—the zoning ordinances of the City of Bethany.

The issue before the trial judges, county and district, was *whether a beer permit should be issued*. They denied the permit solely because of the ordinance.

The issue before this court is *whether we should entertain jurisdiction*. Certiorari is not a writ of right, but is to be granted in the discretion of this court, Consolidated Sch. Dist. No. 8 v. Wilder, 148 Okl. 91, 297 P. 280, and only where no appeal or proceeding in error lies, and ordinarily where error cannot be otherwise corrected. Consolidated Sch. Dist. No. 8, supra, and School Dist. No. 6, McClain County, v. Board of Com'rs, McClain County, 108 Okl. 254, 236 P. 21.

The trial courts did not test or try the constitutionality of the zoning ordinances and it seems doubtful that they could do so in a proceeding to obtain a "beer permit." In Weaver v. Bishop, 174 Okl. 492, 52 P.2d 853, we held that where a comprehensive zoning plan has been adopted by a municipality the zoning ordinance is presumed to be valid. The usual method or procedure for attacking the constitutionality of an ordinance is by injunction.

Thus we are called upon in a "beer permit proceeding" to take original jurisdiction in order to grant "injunctive relief" against the enforcement of an allegedly unconstitutional zoning ordinance. In the alternative we are requested, within the sound judicial discretion of this court, to assume jurisdiction and to cause a beer permit to be issued for use at a place where beer may not be sold. If a beer permit is caused to be issued it will be of no value because the validity of the zoning ordinance must be tested and determined in a court of competent jurisdiction before the permit may be utilized; or the petitioner might proceed to sell beer in violation of the ordinance and attempt to test its validity as defendant in a criminal proceeding.

It is admitted that except for the ordinance the permit would have been issued.

It seems to me that the more orderly procedure would be for the court to refuse to assume jurisdiction until petitioner has tested the constitutionality of the ordinance in a more appropriate forum. For this reason I must respectfully dissent.