**7-ELEVEN, INCORPORATED, a corporation, Plaintiff in Error,**

v.

**Fletcher McCLAIN, Harry B. Macrory, C. Harold Ripper, John E. Showalter, and City of Bethany, Oklahoma, a municipal corporation, Defendants in Error.**

No. 40614.

Supreme Court of Oklahoma.

Jan. 6, 1967.

R. C. Jopling, Jr., Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, for plaintiff in error.

Wilbert G. Smith, Oklahoma City, for defendants in error.

IRWIN, Justice.

Plaintiff in error, 7–Eleven, Inc., herein referred to as plaintiff, operates a retail grocery store in the City of Bethany, Oklahoma. Defendants in error, herein referred to as defendants, had caused the arrest and prosecution of plaintiff's store manager for selling non-intoxicating beverages of 3.2% alcoholic content for consumption off the premises in violation of the zoning ordinances of the City of Bethany.

Plaintiff in this proceeding is seeking an injunction to enjoin and restrain defendants from enforcing the ordinances and preventing it from selling 3.2% beer at its grocery store. The trial court rendered judgment for defendants and denied plaintiff any injunctive relief. Plaintiff has appealed from the order overruling its motion for a new trial.

## FACTS

Plaintiff operates a retail grocery store in an area zoned and classified as a U–5 district in the City of Bethany. Various types of business, such as boarding houses, hotels, hospitals, bakeries, banks, barber and beauty shops, offices and retail stores are permitted to be conducted in a U–5 district. However, the sale of a liquid that may be used as a beverage, containing more than one-half of one percent of alcohol, is prohibited in a U–5 district by the zoning ordinance.

In an area zoned as a U–6a district, the beverage in question may be sold except it may not be sold within 300 feet of any school, Church, hospital, convalescent hospital, playground, community building, youth center, or any other place where large numbers of persons congregate. The parties stipulated that there is not now nor never has been any property within the City of Bethany zoned as a U–6a district, and that plaintiff's grocery store is within 300 feet of a Church.

Plaintiff secured the required permits from the County Judge of Oklahoma, as prescribed by Title 37 O.S.1961, Sec. 163.11, and the Oklahoma Tax Commission as prescribed by Sec. 163.7, for the sale of the beverage in question.

It is impossible to determine whether the trial court denied plaintiff injunctive relief because the sale of 3.2% beer was in violation of the zoning ordinance pertaining to a U–5 district which prohibits the sale of such beverage, and where plaintiff's grocery store was located, or because in violation of the zoning ordinance pertaining to a U–6a district which prohibits the sale of 3.2% beer within 300 feet of a Church. However, from the record, it appears that the fact that plaintiff's grocery store was within 300 feet of a Church may have been the controlling factor in the judgment rendered by the trial court. Therefore, we will consider and determine the validity of the restrictive provision set forth for a U–5 district and the restrictive provision set forth for a U–6a district, even though plaintiff's grocery store is not located in a U–6a district.

## ISSUE

Although there are secondary issues presented and will be determined, the primary and fundamental issue presented is: "If a municipality enacts a zoning ordinance which permits the operation of a retail grocery store at a certain location, may such municipality prohibit the sale of non-intoxicating beverages of 3.2% alcoholic con-

457

tent for consumption off the premises at such retail grocery store, if the sale of such beverage at such location is not prohibited by the State Laws of Oklahoma?"

## CONCLUSIONS

It is obvious that Bethany's zoning ordinances not only regulate and restrict the use of certain property for business, trade, industry, residences, etc., but also regulate and restrict the sale of a commodity, namely 3.2% beer for consumption off the premises. 3.2% beer could not be considered as an ordinary commodity as that term is usually employed, for the reason the Legislature has required that permits or licenses be obtained from the county and state to sell such commodity.

In 7–Eleven, Incorporated v. Fogg, Okl., 372 P.2d 24, we held that Title 37 O.S.1961, Sec. 163.11 specifically enumerates the questions to be determined by the county Judge at a hearing on an initial application for retail dealers' license to sell non-intoxicating beverages. In the body of the opinion we said that Sec. 163.11, supra, contains no mention of any city zoning ordinance, nor does it make compliance with any such ordinance, a requirement for obtaining the license. Nor can there be read into the Non-Intoxicating Beverage Act any wording which makes the use of such license within 300 feet of a Church, or a Church's recreational facilities, a deterrent to the issuance of such a license.

The above case was an original proceeding in this Court and we directed that the County Judge of Oklahoma County issue a license or permit to plaintiff herein to sell 3.2% beer at the same location where plaintiff's grocery store is located.

Title 37 O.S.1961, Secs. 211 thru 216, declare that it shall be unlawful to (a) sell or dispense this beverage on premises wherein public or private dancing is conducted or permitted; (b) sell or dispense this beverage outside the limits of any incorporated city or town where the public entrance is within 1000 feet of the public entrance to premises wherein public or pri-

vate dancing is conducted or permitted; (c) sell such beverage for consumption on the premises between designated times on designated days of the week. However, the aforementioned limitations on the sale of this beverage is expressly exempt as to: dancing in private homes, private dances conducted for recreational purposes and not for profit by described organizations, and the sale of such beverage in drug stores, cafes or restaurants selling food for consumption on the premises where dancing is not conducted or permitted therein.

It is not argued or contended that the sale of the beverage in question at plaintiff's grocery store is in violation of any of the above statutory provisions. Therefore, if the judgment of the trial court is to be affirmed, we must necessarily find and determine that the City of Bethany had the power and authority to invoke the restrictive provisions of its zoning ordinances pertaining to the sale of the beverage in question.

In Allison v. Howell, District Judge, 204 Okl. 404, 230 P.2d 706, this Court reviewed the judgment of the district court affirming an order of the county judge refusing to issue a retail dealer's permit to sell non-intoxicating beverages. The lower court refused the permit because the applicant's location was on a route traveled by high school students on their way to school and that it would not be conducive to the best interests of said students to sell the beverage at applicant's place of business; that if the permit was granted it would be injurious to, and would seriously affect the peace, health and safety of the community. Therein this Court noted Sec. 211, supra, which prohibits the sale of beer from a location on or near a place where public dancing is held and then stated:

"There is no legislation presently before us prohibiting the issuance of such a license because the place for retail might be located so as not to be conducive to the best interest of students passing said location or because it might be said to be

against the peace, health and safety of a community."

In reversing the trial court and ordering the issuance of said permit, this Court stated:

"Any restriction as to places or areas for sale of beer is purely a legislative function. * * *."

In Ex parte Pappe, 88 Okl.Cr. 166, 201 P. 2d 260, the Court of Criminal Appeals considered the validity of a city ordinance which prohibited the sale of 3.2% beer during certain hours which were contrary to those expressed in Sec. 213, supra. This ordinance was declared invalid and the Court held:

"The Legislature and not the courts must determine the policy of the State to be voiced in statutory enactments. Legislative power, not wisdom, is the concern of the courts."

In Ex parte Gammel, 89 Okl.Cr. 400, 208 P.2d 961, the Court of Criminal Appeals considered the validity of a city ordinance, which contained numerous provisions directed at regulating the sale of 3.2% beer. Therein the court declared that the portion of the ordinance in question was invalid and stated:

"* * * Apparently, the Legislature entered this fertile field and passed such regulations as they thought should surround the sale of this beverage. If they had thought that further regulations in the cities or more populous areas might have been necessary, it would have been a small matter to have provided that such municipality might pass further regulations to control the sale of such beverages within such municipalities.

\* \* \* \* \* \*

"It is our conclusion that since the Legislature in its wisdom has defined a beverage containing not more than 3.2 percent of alcohol as measured by weight as non-intoxicating and has authorized its sale under certain restrictions and qualifications, that no municipality may add to the restrictions or qualifications thus laid down by the Legislature. The Legislature has spoken so that there would be a uniform application of the law in each county and municipality of the state. Evidently, it was the purpose and intent of the Legislature to fully prescribe all of the conditions under which the sale of this so called non-intoxicating beverage may be had and not leave the prescription thereof to a town or city council which might change its mood frequently."

In the above case, it was held:

"Where the Legislature by general law prescribes the qualifications and conditions under which a private business may operate, a municipality may not under the guise of the exercise of police power restrict the operation of such business by prescribing additional qualifications and conditions under which such business may operate."

In Ex parte Higgs, Okl.Cr.App., 263 P.2d 752, the Court of Criminal Appeals considered the validity of another city ordinance regulating the sale of 3.2% beer. This ordinance was also declared invalid and therein the court stated:

"It is fundamental in matters of this character that a municipal corporation has only such powers as are conferred upon it by the legislature, and grants of such powers are strictly construed against such corporations. * * * where an ordinance exceeds the delegated powers, any attempts to include within its scope matters not within the power granted or attempts to prescribe a meaning for statutory terms and limitations different from those intended by the legislature, or to extend their meaning, such an ordinance is said to be an excessive use of power and is therefore invalid and void. * * *"

The Court also stated:

"It is also elemental that where a field of legislation has been reserved to the state that cities and towns are forbidden to enter except by express permission of the state. In the case at bar the 'legislature entered this fertile field and passed

such regulations as they thought should surround the sale of this beverage', 3.2% beer. * * *"

The Legislature expressly granted municipal corporations only certain limited authority to regulate or control this beverage, such as, under 163.10, a city may require the payment of an annual license fee from retail dealers and in Sec. 213, supra, a city is authorized to prohibit by ordinance the sale of said beverage between designated hours on designated days.

We recognize that some of the above authorities considered the validity of a city ordinance in a habeas corpus proceeding in the Court of Criminal Appeals but in the case of Cotton Club v. Oklahoma Tax Commission, 195 Okl. 403, 158 P.2d 707, we stated:

"* * * The rule, as promulgated by this Court in Ex parte Anderson, [33 Okl. 216] 124 P. 980, and adhered to and followed in later decisions, is that where the same rule applies for the determination of the constitutionality of a statute in its criminal aspect as in its civil aspect, the settled policy of this Court is to follow the construction given such statute by the Criminal Court of Appeals; and especially is this true where we are convinced of the soundness of the opinion of the Criminal Court of Appeals."

We can only conclude that if a municipality enacts a zoning ordinance which permits the operation of a retail grocery store at a certain location, such municipality is not authorized or empowered to prohibit the sale of non-intoxicating beverages of 3.2% alcoholic content for consumption off the premises at such retail grocery store, if the sale of such beverage at such location is not prohibited by the State Laws of Oklahoma.

Defendants argue plaintiff has not applied for a permit to sell beer at this location. They stipulated plaintiff has secured the permits required by state law so we presume they are referring to a permit issued by the city. We reviewed the stipulation of facts and failed to find it stated therein that this city requires a city permit to sell beer. Assuming the city requires such a permit, we feel this argument is without merit in this particular situation for the reason it is alleged and stipulated that plaintiff's manager was arrested and charged with selling 3.2% beer in violation of the above ordinance and at no place are we informed that he was arrested and charged with selling beer without a city permit.

Defendants also argue that plaintiff should make application for a permit to sell the beer and if denied then appeal to the Board of Adjustments and if denied then appeal to the District Court and ultimately challenge the issuance of this permit in this Court. This argument begs the issue presented. Assuming a city permit is required, had plaintiff made application for such permit, the zoning ordinances would have prohibited the issuance of the same.

In reviewing the various authorities submitted by defendants we find some are not applicable to the situation or issues presented in this appeal; or some considered ordinances that regulated matters which the city had express statutory authority to regulate; and other cases considered ordinances pertaining to the regulation of matters which the state had not by law regulated or dominated to the exclusion of the municipalities. Other cases refer to the authority of the city to zone various districts therein and restrict same to residence, business, industry etc. We find no objection, nor does plaintiff assert any, to the contention that the city may zone various areas under the express authority granted in Title 11 O.S.1961, Sec. 401–410.

Those portions of the ordinances of the City of Bethany, Oklahoma, which are herein considered, enter a field of legislation reserved to the state and restrict, regulate or control the sale of 3.2% beer in a manner and to an extent contrary to the terms and conditions expressed by the legislature in the general laws of this State.

Therefore, those parts of said ordinances reflect an excessive use of power by the city and are void as applied to the sale of this

beverage by plaintiff at its above described location.

Reversed with directions to grant plaintiff the relief prayed, upon the showing it has complied with all the required permits or licenses.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

WILLIAMS, J., concurs in results.