In re Beer License Application of **PORKY'S JUNGLE COMPANY.**

**STATE of Oklahoma, Appellant,**

v.

**PORKY'S JUNGLE COMPANY, Appellee.**

No. 73884.

Court of Appeals of Oklahoma, Division No. 1.

June 11, 1991.

**550**

David Moss, Tulsa County Dist. Atty., M. Denise Graham, Asst. Dist. Atty., Tulsa, for appellant.

C. Rabon Martin, Tulsa, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

The State appeals a trial court order granting a county retail beer permit to Porky's Jungle Company over the State's protest. At the outset, Porky's argues the appeal should be dismissed, arguing beer permit matters are reviewable only by cer-tiorari. Although the cases cited by Porky's, *Salaney v. Ferris*, 201 Okl. 236, 204 P.2d 270 (1948) and *7–Eleven, Inc. v. Fogg*, 372 P.2d 24 (Okla.1962), do suggest a trial court order granting a beer license may not be reviewed except by writ of *certiorari,* they were decided under a statutory scheme radically different than the permit statutes now in place.

Prior to 1968, county retail beer licenses were issued by the county judge. From 1968 to January 1, 1971, the district court clerk issued the license. Both statutory schemes allowed any citizen dissatisfied with the judge or clerk's action to appeal to district court. According to the statute, the district court's decision on appeal was final and unreviewable. 37 O.S.1961 § 163.11. When *Salaney* and *7–Eleven* were decided, the Oklahoma Supreme Court was statutorily prohibited from exercising appellate jurisdiction.

In 1970, the Legislature amended § 163.11, effective January 1, 1971, directing that protests of beer license applications be heard by a district or associate district judge. The amendment deleted any reference to appellate jurisdiction in the district court and the language which made its appellate decision final. Under the present statute, no specific appellate procedure is dictated, and 12 O.S.1981 § 952 applies. This section broadly defines the Supreme Court's appellate jurisdiction to include all judgments and final orders of the district court. In the absence of any language limiting what final orders are subject to appeal, we must conclude a trial court decision determining a protest in a beer permit proceeding is covered by the jurisdictional grant contained in § 952. The State's appeal may not be dismissed because of lack of jurisdiction.

Porky's also argues the District Attorney lacked standing to protest its application. Section 163.11(F) of Title 37, Oklahoma Statutes 1981, allows any "citizen of the county" to file a written protest to a permit application. According to this section, if no protests are filed and "the petition is sufficient on its face", the district

court clerk "shall" grant the permit. Porky's contends the District Attorney's Office, is not a "citizen of the county".

■ The State argues the protest was authorized by § 163.11(E) which requires notice of the application to the District Attorney. Legislative acts are to be construed so as to reconcile their provisions, rendering them consistent and giving intelligent effect to each. *Abbott v. Board of Trustees of Oscar Rose Junior College,* 586 P.2d 1098 (Okla.1978). If the Legislature did not intend to allow the District Attorney, as the legal representative of the State, to protest these permit applications, there was no reason to require notice to the District Attorney. The protest in this case was properly filed, and we must determine this appeal on its merits.

■ In doing so, we must first determine the scope of our review. *Certiorari* review in this type of case was limited to determining whether the county court or the district court had exceeded its jurisdiction. *Salaney v. Ferris,* 201 Okl. 236, 204 P.2d 270 (1949) and *7–Eleven, Inc. v. Fogg,* 372 P.2d 24 (Okla.1962). Unlike those cases, our review is an initial appellate review, and we must determine not only if the trial court exceeded its jurisdiction, but whether the trial court erred in the manner in which jurisdiction was exercised. However, because the trial court is called upon to determine disputed facts and apply them to the law in granting relief, a decision in a beer permit case is essentially one in equity, calling for the exercise of trial court discretion. As such, we may disturb the trial court's ruling only if we find legal error or the trial court decision clearly against the weight of the evidence. *Tenneco Oil Co. v. Humble Oil & Refining Co.,* 449 P.2d 264 (Okla.1969).

■ In that context, we turn to the specific complaints in this case. The District Attorney's written protest alleged two grounds for the denial of a beer permit. First, it claimed Porky's principal officer, who signed the application for permit, had been illegally operating the establishment without lawful licenses and permits since March 26, 1989, approximately 10 days before applying for the permit in this case. Second, the District Attorney claimed a permit should be denied because Porky's establishment was a public nuisance.

At trial the State introduced evidence which, if believed, demonstrated Porky's principal had directed the opening of this establishment and the sale of beer despite knowing the proper permits were not on the premises as required by law. In addition, the State's evidence, if believed, established that Porky's principal lied to police about the existence of a permit. In support of its second grounds for protest the State presented evidence detailing various acts of dubious decorum by Porky's patrons and employees which, if true, were without question distasteful and disturbing to surrounding property owners and occupants.

At the close of the District Attorney's evidence, the trial court sustained a demurrer to the evidence. In doing so, the trial court found the District Attorney's evidence "fairly supports the allegations in the protests, the written protests that were filed". However the trial court found they established no legal grounds for denying the permit, stating "the question is whether or not those allegations and the accompanying proof are of sufficient ground for the Court to deny the issuance of that license." The State contends the trial court erred in sustaining the demurrer to the evidence. We agree.

■ If there is any evidence reasonably tending to support a party's allegations, the trial court is required to overrule a demurrer to that party's evidence. *Barnhart v. Freeman Equipment Co.,* 441 P.2d 993 (Okla.1968). We agree with the trial court that proof of a public nuisance is not grounds for denial of a beer permit. See *Allison v. Howell,* 204 Okl. 404, 230 P.2d 706 (1951). However, the State's evidence supported the allegation Porky's principal had illegally operated the establishment prior to applying for and receiving a beer permit and had compounded his conduct by lying to police about the existence of such a permit. Although such violations

do not automatically disqualify one from receiving a beer permit, as a conviction would, they are evidence of a lack of the "good moral character" an applicant is required to show. 37 O.S.Supp.1987 § 163.11. Reviewing the evidence in the light most favorable to the State, we must conclude the trial court erred in sustaining the demurrer.

In reversing, we are not unmindful that in an equity case, the trial court may treat a demurrer as a motion for judgment and weigh the evidence. *Bixler v. Lamar Exploration Co.*, 733 P.2d 410 (Okla.1987). However, there is no indication in this record that the trial court weighed the evidence or treated the demurrer as a motion for judgment under the *Bixler* rule. In fact, the trial court's analysis suggests it did not. The decision of the trial court is reversed, and the case is remanded for further hearing to allow Porky's to present its evidence.

REVERSED AND REMANDED WITH INSTRUCTIONS.

BAILEY and JONES, JJ., concur.